DAVID GRAFF (DG7011)
RACHAEL KIERYCH (RK1339)
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Dgraff@andersonkill.com
Rkierych@andersonkill.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER D. SCHIFF, AND EURO PACIFIC CAPITAL INC., <br><br> Plaintiffs, <br><br> vs. <br><br> YAYI INTERNATIONAL INC., <br><br> Defendant. | Index No.: 15 CV 0359 <br><br> **COMPLAINT** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT

ANDERSON KILL P.C.
David Graff, Esq.
Rachael Kierych, Esq.
1251 Avenue of the Americas
New York, New York 10020

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

**PAGE**

THE PARTIES ........................................................................................................................... 1

JURISDICTION AND VENUE ................................................................................................ 1

PRELIMINARY STATEMENT .............................................................................................. 2

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT .............................................................................................................................. 3

PLAINTIFFS SHOULD BE GRANTED SUMMARY JUDGMENT IN LIEU OF
    COMPLAINT PURSUANT TO CPLR § 3213 AS A MATTER OF LAW ...................... 3

I.     SUMMARY JUDGMENT STANDARD OF REVIEW ................................................ 3

II.    PLAINTIFFS HAVE ESTABLISHED THEIR *PRIMA FACIE* CASE AS
       DEFENDANT DULY EXECUTED AND DEFAULTED ON THE NOTE ................. 4

CONCLUSION .......................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Bassin-Schneider v. Stutler,
  39 Misc.3d 1214(A), 2013 WL 1703983 (N.Y. Sup. Ct. Apr. 19, 2013) .............................. 3-4

Interman Indus. Prods., Ltd. v. R.S.M. Electron Power, Inc.,
  37 N.Y.2d 151 (N.Y. 1975) ...................................................................................................... 4

O'Brien v. O'Brien,
  258 A.D.2d 446 (2d Dept. App. Div. 1999) ........................................................................... 4

Raico v. Concorde Funding Group,
  60 A.D.3d 834, 875 N.Y.S.2d 251 (2d Dept. App. Div. 2009) ............................................. 4

Winegrad v. New York Univ. Med. Ctr.,
  64 N.Y.2d 851 (N.Y. 1985) ...................................................................................................... 3

Wolf v. Citibank N.A.,
  34 A.D.3d 574, 824 N.Y.S.2d 176 (1st Dept. App. Div. 2006) ............................................ 4

**STATUTES**

28 U.S.C. § 1332 ................................................................................................................................ 1

28 U.S.C. § 1391 ................................................................................................................................ 1

CPLR § 3213 ................................................................................................................................ 1, 3

Plaintiff Peter D. Schiff ("Investor Plaintiff") and Euro Pacific Capital, Inc. (referred to individually as "Euro Pacific" and collectively with Investor Plaintiff as "Plaintiffs"), by and through their undersigned attorneys, move for Summary Judgment in Lieu of Complaint pursuant to Federal Rule of Civil Procedure 69 and CPLR § 3213 for payment of a monetary instrument due and owed by defendant Yayi International Inc. ("Yayi" or "Defendant") and allege as follows:

## THE PARTIES

1. Defendant Yayi International Inc. is incorporated under the laws of the state of Delaware with its principal business operations in the People's Republic of China. Yayi through its principal operating business is engaged in the business of manufacturing and selling goat milk powder for the production of goat milk formula products for infants, toddlers, young children, and adults.

2. Plaintiff Peter D. Schiff is an individual residing in Weston, Connecticut.

3. Plaintiff Euro Pacific Capital Inc. is an investment company incorporated under the laws of the state of California, with its principal place of business in Westport, Connecticut.

## JURISDICTION AND VENUE

4. This Court has proper subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost.

5. Venue is proper in the in the Southern District of New York pursuant to 28 U.S.C. § 1391, because the Defendant is subject to this court's personal jurisdiction subject to the choice of law clause in the contracts at issue herein.

## PRELIMINARY STATEMENT

6.  Plaintiffs bring this summary judgment motion as a matter of law against Defendant based on its failure to pay Plaintiffs sums of monies due and owing pursuant to a promissory note (the "Note"). Yayi's default and inability to fulfill its obligations under the Notes is a result of bad faith on the part of a foreign entity with an utter disregard for their debts owed to Plaintiffs. Yayi thereby failed to repay the Notes, and as such, is liable for the debt due and owed to Plaintiffs.

## STATEMENT OF FACTS

7.  On or about September 27, 2010, Plaintiffs, along with other investors, and Yayi entered into the Note[1] whereby Yayi promised to pay Investor Plaintiff a total of $8,920,000 (the "Principal") at nine percent (9%) interest per annum. See Affidavit of Peter Chema sworn to January 15, 2015 (hereinafter "Chema Aff."), **Exhibit 1**.

8.  Pursuant to the Note, "the principal amount hereof and all accrued but unpaid interest shall be paid in full to the Holder on the three (3) year anniversary of the date of closing of the Minimum Amount" (hereinafter the "Maturity Date"). Id. Pursuant to the Securities Purchase Agreement between Yayi and Euro Pacific, acting as a "Placement Agent" on behalf of the Investor Plaintiff, the "Minimum Amount" as cited in the Note was closed upon the execution of the Securities Purchase Agreement on or about September 27, 2010. See Chema Aff., **Exhibit 2**. As such, pursuant to the aforementioned agreements, the Maturity Date for the Note was September 27, 2013.

---

[1]  This debt is convertible to an equity stake in Yayi's company pursuant to Section 5 of the Note, which states "[e]ach holder of the Notes shall have the right, exercisable at any time prior to the Maturity Date, to convert all, but not less than all, of the principal amount then outstanding into shares of [Yayi] Company's common stock, par value $0.001 per share [] at a conversion price [] equal to $2.00 per share []." To date Investor Plaintiff has not converted the debt to equity pursuant to the Note.

2

9. Moreover, the pertinent language of Section 3 states "[t]he Interest [] shall accrue on the outstanding principal amount of this Note from the date hereof until such principal amount is repaid in full at the rate of nine percent (9%) per annum, payable semiannually in arrears on the first and third calendar quarters (i.e., March 31 and September 30) commencing March 31, 2011." See Chema Aff., **Exhibit 1**.

10. Section 12 of the Note also states that "[t]he Company agrees that, in the Event of Default, to reimburse the Holder for all reasonable costs and expenses (including reasonable legal fees of one counsel) incurred in connection with the enforcement and collection of this Note." See Chema Aff., **Exhibit 1** at Section 12.

11. Defendant defaulted under the terms of the Note as it ceased making interest payments after September 30, 2012—over a year before the Maturity Date—and subsequently failed to tender any of the principal amount of the monies due and owed under the Note. See Chema Aff., ¶¶ 10-11. Thus, Defendant is required to pay Plaintiffs the monies due and owed under the Notes with interest at a rate of 9% per annum thereon.

## ARGUMENT

### PLAINTIFFS SHOULD BE GRANTED SUMMARY JUDGMENT IN LIEU OF COMPLAINT PURSUANT TO CPLR § 3213 AS A MATTER OF LAW

I.   SUMMARY JUDGMENT STANDARD OF REVIEW

12. The standards of summary judgment are well settled. A party moving for summary judgment is required to make a prima facie showing that it is entitled to judgment as a matter of law by providing sufficient evidence to eliminate any material issues of fact from the case. Winegrad v. New York Univ. Med. Ctr., 64 N.Y.2d 851, 853 (N.Y. 1985). Once such entitlement has been demonstrated by the moving party, the burden shifts to the party opposing the motion to "demonstrate by admissible evidence the existence of a factual issue requiring a

trial of the action or tender an acceptable excuse for his failure ... to do [so]". See Bassin-Schneider v. Stutler, 39 Misc.3d 1214(A), 2013 WL 1703983, at *2 (N.Y. Sup. Ct. Apr. 19, 2013) (quoting Zuckerman v. City of New York, 49 N.Y.2d 557, 560 (N.Y. 1980)).

13.   As discussed in greater detail herein, Plaintiffs have established their *prima facie* case, and, as no triable issues of fact exists, Plaintiffs are entitled to summary judgment as a matter of law.

## II.   PLAINTIFFS HAVE ESTABLISHED THEIR *PRIMA FACIE* CASE AS DEFENDANT DULY EXECUTED AND DEFAULTED ON THE NOTE

14.   In an action to recover payment under a promissory note, the New York Court of Appeals has held that is appropriate to grant summary judgment where there is evidence that there exists an instrument for the payment of money that was duly executed by defendant and under which defendant has defaulted by failing to pay in accordance with the instrument's terms. Interman Indus. Prods., Ltd. v. R.S.M. Electron Power, Inc., 37 N.Y.2d 151 (N.Y. 1975). Thus, a plaintiff in such an action establishes a prima facie case of entitlement to summary judgment when the Court finds that the note in question was duly executed and that defendant has defaulted thereunder. See O'Brien v. O'Brien, 258 A.D.2d 446 (2d Dept. App. Div. 1999); see also Raico v. Concorde Funding Group, 60 A.D.3d 834, 836, 875 N.Y.S.2d 251, 253 (2d Dept. App. Div. 2009) (finding "plaintiff established its prima facie entitlement to judgment as a matter of law on his causes of action seeking recovery. . . on notes executed . . . [and] failure to make payment in accordance with their terms."); Wolf v. Citibank N.A., 34 A.D.3d 574, 575, 824 N.Y.S.2d 176, 176 (1st Dept. App. Div. 2006) (holding prima facie entitlement to judgment as a matter of law by submission of proof of promissory notes and affidavit establishing failure to make payments in accordance with the terms of the note).

15. Here, there is no question that Defendant executed the Note and defaulted thereunder. <u>See</u> <u>generally</u> Chema Aff. Thus, as there no triable issues of fact, Plaintiffs are entitled to summary judgment as a matter of law in the aggregate amount of $8,920,000.00 with interest thereon at a rate of 9%.

## CONCLUSION

16. For the foregoing reasons, it is respectfully submitted that Plaintiffs' Motion for Summary Judgment in Lieu of Complaint must be granted against Defendant Yayi International Inc., in the sum of $8,920,000.00, together with interest thereof, all reasonable costs and expenses (including reasonable legal fees of one counsel) incurred in connection with the enforcement and collection of the Notes, and such other relief as this Court deems just and proper.

Dated: January 16, 2015
New York, New York

Respectfully submitted,

**ANDERSON KILL P.C.**

_____
David Graff, Esq.
Rachael Kierych, Esq.
1251 Avenue of the Americas
New York, New York 10020
Tel.: 212-278-1000
Fax: 212-278-1733

*Attorneys for Plaintiffs*