JUDGE BRODERICK

DAVID GRAFF (DG7011)
RACHAEL KIERYCH (RK1339)
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Dgraff@andersonkill.com
Rkierych@andersonkill.com

**15 CV 00359**

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER D. SCHIFF, AND EURO PACIFIC CAPITAL INC., <br><br> Plaintiffs, <br><br> vs. <br><br> YAYI INTERNATIONAL INC., <br><br> Defendant. | Index No.: <br><br> **AFFIDAVIT OF PETER CHEMA IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT** |

STATE OF CONNECTICUT )
                        : ss.:
COUNTY OF FAIRFIELD )

      I, Peter M. Chema, being duly sworn, depose and say the following to be true subject to the penalties of perjury:

      1. I am the General Counsel for Euro Pacific Capital Inc. ("Euro Pacific"). I submit the instant affidavit in support of Plaintiffs' Motion for Summary Judgment in Lieu of Complaint.

      2. I have submitted written testimony before the New York Supreme Court, New York County on previous occasions, including the matter *China Nutrifruit Group Limited*, Index No. 151540/2014, submitting an affirmation in support of Plaintiff's motion for default judgment and affidavit establishing damages as awarded by the judgment including the proposed valuation for the requested "put" option.

3. As discussed in greater detail below, Euro Pacific was the investor representative (the "Investor Representative") for the loan transaction discussed herein for Plaintiff Peter D. Schiff (referred to individually as "Investor Plaintiff" and collectively with Euro Pacific as "Plaintiffs").

4. In my capacity as General Counsel for the Investment Representative for Investor Plaintiff, I am familiar with and have knowledge of the facts discussed herein.

5. On or about September 27, 2010, Plaintiffs, along with other investors, and Yayi International Inc. ("Yayi" or "Defendant") entered into the Promissory Note (the "Note")[1] whereby Plaintiffs loaned Yayi an aggregate sum of $8.920,000.00 at nine percent (9%) interest per annum. A copy of the Note that was sent to Plaintiffs is annexed hereto as **Exhibit 1**.

6. Pursuant to the Note, "the principal amount hereof and all accrued but unpaid interest shall be paid in full to the Holder on the three (3) year anniversary of the date of closing of the Minimum Amount" (hereinafter the "Maturity Date"). See **Exhibit 1**.

7. Pursuant to the Securities Purchase Agreement between Yayi and Euro Pacific, acting as a "Placement Agent" on behalf of the Investor Plaintiff, the "Minimum Amount" as cited in the Note was closed upon the execution of the Securities Purchase Agreement on or about September 27, 2010. A copy of the Securities Purchase Agreement that was sent to Plaintiffs is annexed hereto as **Exhibit 2**. As such, pursuant to the aforementioned agreements, the Maturity Date for the Note was September 27, 2013.

---

[1] This debt is convertible to an equity stake in Yayi's company pursuant to Section 5 of the Note, which states "[e]ach holder of the Notes shall have the right, exercisable at any time prior to the Maturity Date, to convert all, but not less than all, of the principal amount then outstanding into shares of [Yayi] Company's common stock, par value $0.001 per share [] at a conversion price [] equal to $2.00 per share []." To date Investor Plaintiff has not converted the debt to equity pursuant to the Note.

8. With respect to interest payments, Section 3 of the Note required that the interest payments be made on a semi-annual basis. See **Exhibit 1** ("The Interest shall accrue on the outstanding principal amount of this Note from the date hereof until such principal amount is repaid in full at the rate of nine percent (9%) per annum, payable semiannually in arrears on the first and third calendar quarters (*i.e.*, March 31 and September 30) commencing March 31, 2011.").

9. Section 12 of the Note also states that "[t]he Company agrees that, in the Event of Default, to reimburse the Holder for all reasonable costs and expenses (including reasonable legal fees of one counsel) incurred in connection with the enforcement and collection of this Note." See **Exhibit 1** at Section 12.

10. Yayi made the following interest payments: $408,090 on March 31, 2011 (pro-rated based on the closing date); $401,400 on September 30, 2011; $401,400 on March 31, 2012; and $401,400 on September 30, 2012. However, Yayi ceased making payments after September 30, 2012, over a year before the Maturity Date.

11. Subsequent to the aforementioned payments, Yayi failed to tender payments due and owed under the Note and remains in default. Accordingly, Defendant is liable for the monies due and owed under the Note, and all reasonable costs and expenses, including reasonable legal fees, incurred in connection with the enforcement and collection of the Note.

12. Based on the foregoing, Plaintiffs respectfully submit that no triable issues of fact exist and summary judgment should therefore be granted in their favor.

_____
Peter M. Chema

Sworn to me on this 15th day of January, 2015

_____
Notary Public

Marion Lanice Miller
Notary Public
My Commission Expires Sept. 30, 2017