UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETER D. SCHIFF, AND EURO PACIFIC CAPITAL INC.,

    Plaintiffs,

vs.

YAYI INTERNATIONAL INC.,

    Defendant.

15 Civ. 00359 (VSB)

---

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

**ANDERSON KILL P.C.**
David Graff, Esq.
Christopher L. Ayers, Esq.
Rachael Kierych, Esq.
1251 Avenue of the Americas
New York, New York 10020
Tel.: 212-278-1000
Fax: 212-278-1733

*Attorneys for Plaintiffs*

nydocs1-1047256.3

## INTRODUCTION

Plaintiffs, by and through their attorneys, Anderson Kill P.C., respectfully submit this Memorandum of Law in Support of Plaintiffs' Motion, pursuant to Fed. R. Civ. P. 15(a), for Leave to File First Amended Complaint (the "Motion"). By this Motion, Plaintiffs seek to conform their complaint to the Federal Rules of Civil Procedure and substitute Euro Pacific Capital Inc. ("Euro Pacific"), in its capacity as Investor Representative and attorney-in-fact, in place of Plaintiff Peter D. Schiff and the other investors in Defendant Yayi International Inc. ("Yayi"). "Clean" and "redlined" versions of Plaintiffs' proposed First Amended Complaint are attached as **Exhibits A** and **B,** respectively, to the accompanying Affirmation of Christopher Ayers, affirmed on April 30, 2015 (hereinafter "Ayers Aff.").

## FACTUAL BACKGROUND

Plaintiffs began this action on or about January 16, 2015 by filing with the Court a complaint styled as a summary judgment in lieu of a complaint (the "Complaint").[1] The Defendant never responded to or objected to the Complaint, and the Clerk of the Court entered a Certificate of Default on February 25, 2015.

At a conference with the Court on April 24, 2015 (the "Conference"), the Court ordered the February 25, 2015 default to be vacated and assented Plaintiffs' request to file a Motion to Amend in order to amend the Complaint to comply with the Federal Rules of Civil Procedure and substitute Euro Pacific in place of the investors in Yayi[2].

---

[1] Although the New York's CPLR 3213 permits the filing of a motion for summary judgment in lieu of complaint, there is no corresponding Federal Rule of Civil Procedure.
[2] The full list of the investors is contained in the caption attached as **Exhibit C** to the Ayers Aff., hereinafter collectively defined as "Investors".

As grounds for the substitution, Plaintiffs state that under the Securities Purchase Agreement, Euro Pacific is the Investor Representative of all of its Investors and is their lawful agent and attorney-in-fact to act on their behalf.  See Ayers Aff. at **Exhibit D.**  Thus, for purposes of judicial economy and efficiency, the investors need not be named in this action as individual plaintiffs.

## ARGUMENT

**I.     LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 15, "a party may amend the party's pleading . . . by leave of court . . . ." Fed. R. Civ. P. 15(a).  Rule 15 states that "leave shall be freely given when justice so requires." *Id.*  In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the United States Supreme Court held that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"  This Court has recognized and upheld this principle.  *See Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc.*, 399 F. Supp. 2d 375, 379 (S.D.N.Y. 2005) ("*Xpedior*") (noting that "leave should only be denied for reasons such as undue delay on the part of the moving party, bad faith, repeated failure to cure deficiencies in pleading, undue prejudice or futility of the amendment.").

"Mere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend."  *Abbatiello v. Monsanto Co.*, 571 F. Supp. 2d 548, 553 (S.D.N.Y. 2008) (citation omitted).  In

2

considering what constitutes undue prejudice, a court "must consider whether the proposed amendment to the pleadings would (1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction." *Jackson v. Roslyn Board of Educ.*, 596 F. Supp. 2d 581, 586 (E.D.N.Y. Jan. 24, 2009) (citations omitted).  Indeed, in *Jackson*, even though plaintiff moved to amend to add a cause of action months after the deadline set forth in the scheduling order, the court found defendant's claims of prejudice insufficient to preclude amendment, where discovery was completed only a short time before motion to amend, amendment would likely not require extensive new discovery, and the motion to amend was filed just before summary judgment motions had been filed.  *Id.*

## II.     LEAVE TO AMEND IS WARRANTED HERE

The filing of Plaintiffs' First Amended Complaint will not cause any prejudice to Yayi.  It cannot be reasonably argued that the Plaintiffs' intent is motivated by delay, bad faith, or any other dilatory motive.  By this Motion, Plaintiffs are merely complying with the Federal Rules of Civil Procedure.  The deficiencies in the Complaint were only first addressed at the Conference, and Plaintiffs have immediately filed this Motion to cure all deficiencies.  This is also the first time that Plaintiffs have moved to amend their Complaint.

Defendant has failed to even appear in the case and will have another full and fair opportunity to respond to the First Amended Complaint.  Moreover, the relief

3

requested in the First Amended Complaint does not differ substantially from the relief requested in Plaintiffs' Complaint.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court issue an order granting Plaintiffs leave to file their proposed First Amended Complaint, amending the caption to reflect the realignment shown in **Exhibit C** to the Ayers Aff., and granting such other further relief as this Court deems just and proper.


Dated: April 30, 2015
       New York, New York

**ANDERSON KILL P.C.**

/s/ Christopher L. Ayers
David Graff, Esq.
Christopher L. Ayers, Esq.
Rachael Kierych, Esq.
1251 Avenue of the Americas
New York, New York 10020
Tel.: 212-278-1000
Fax: 212-278-1733

*Attorneys for Plaintiffs*