USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/1/2015

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
PETER D. SCHIFF et al.,                                     :
                                                            :
                            Plaintiffs,                     :
                                                            :        15-CV-359 (VSB)
            - v -                                           :
                                                            :            ORDER
YAYI INTERNATIONAL INC.,                                    :
                                                            :
                            Defendant.                      :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      Plaintiffs initiated this action on January 16, 2015 by filing a document titled "Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment in Lieu of Complaint". (*See* Doc. 1.) On January 30, 2015, Plaintiffs filed a Motion for Summary Judgment in Lieu of Complaint. (Doc. 6.) On March 30, 2015, Plaintiffs filed a letter requesting a pre-motion conference on their proposed motion to substitute Plaintiff "Euro Pacific [Capital, Inc.], in its capacity as Investor Representative and attorney-in-fact to all of its investors in Defendant Yayi International Inc. . . ., in place of the Plaintiff Peter D. Schiff." (Doc. 9.) On April 1, 2015, I set a conference requesting that Plaintiffs be prepared to address "the basis for bringing this case in Federal Court . . . without filing a complaint, why this action may proceed as filed, and the reasons for Plaintiffs' substitution request." (Doc. 10.)

      I held a conference on April 24, 2015, at which counsel for Plaintiffs explained that they had erroneously filed the action in a form that did not comply with the Federal Rules of Civil Procedure and wished to file an amended complaint that would correct those deficiencies and substitute plaintiffs as described above. Counsel for Defendant did not appear. I granted

Plaintiffs permission to file their motion to amend, and on April 30, 2015, Plaintiffs filed their motion for leave to file a first amended complaint, (Doc. 13), as well as an accompanying memorandum of law, (Doc. 14), and affirmation with exhibits, (Doc. 15), including a proposed amended complaint, (Doc. 15-1).  On May 14, 2015, Plaintiffs filed proof of service of these documents.  (*See* Docs. 16, 17.)  On July 14, 2015, I issued an order requiring Defendant to submit a response by July 31, 2015, indicating that if Defendant did not do so I would decide the motion without the benefit of Defendant's briefing.  (Doc. 19.)  I directed Plaintiffs to serve a copy of my order on the Defendant, (*id.*), and Plaintiffs filed proof of service on July 23, 2015, (Docs. 20, 21).  To date, Defendant has not made an appearance in this action or otherwise indicated opposition to Plaintiffs' motion.  Accordingly, I consider Plaintiffs' motion to file a first amended complaint unopposed.

Although Defendant had not responded and thus Plaintiffs could have amended their pleading (if it was construed as such) as a matter of course under Rule 15(a)(1) of the Federal Rules of Civil Procedure, because of the unique posture of this case—Plaintiffs had not filed a complaint and thus arguably had not "[c]ommenc[ed] an [a]ction", *see* Fed. R. Civ. P. 3—I instructed Plaintiffs to file a motion to correct their filings.  In any event, under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[l]eave to amend is to be freely given when justice requires."  *Freidus v. Barclays Bank PLC*, 734 F.3d 132, 140 (2d Cir. 2013).  District courts have "the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party."  *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002); *accord Krys v. Pigott*, 749 F.3d 117, 134 (2d Cir. 2014).  Here, despite Plaintiffs' improper original filing, I find no basis to refuse Plaintiffs' proposed amended complaint, which at least minimally complies with the form required by the Federal Rules of Civil Procedure.

Likewise, I accept, for purposes of this motion only, Plaintiffs' basis for substituting the caption in this case. Defendant has not appeared in this action and will have ample opportunity to respond to the complaint and thus suffers minimal to no prejudice. For the avoidance of doubt, however, in allowing Plaintiffs to file a corrected complaint I make no findings as to the viability of the allegations in the amended complaint.

In accordance with the above, Plaintiffs' motion for leave to file their amended complaint with an amended caption, (Doc. 13), is GRANTED. Plaintiffs are instructed to file their corrected complaint by no later than September 15, 2015. The Clerk's Office is respectfully directed to terminate Doc. 13.

SO ORDERED.

Dated: September 1, 2015
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge