DAVID GRAFF
CHRISTOPHER AYERS
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Dgraff@andersonkill.com
Rkierych@andersonkill.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EURO PACIFIC CAPITAL INC, INDIVIDUALLY, AND IN ITS CAPACITY AS INVESTOR REPRESENTATIVE AND ATTORNEY-IN-FACT FOR BARBARA SUE WILSON AND DAVID D. WILSON AS TRUSTEES FOR THE BARBARA SUE WILSON TRUST U/A 8/23/94; DOUGLAS W. JOHNSON AS TRUSTEE FOR THE DOUGLAS WILLIAM JOHNSON REVOCABLE TRUST U/A 6/25/10; HEIDI W. KEINE AND KEVIN KEINE; JANET D. RUSSELL AS TRUSTEE FOR THE JANET DICKINSON RUSSELL LIVING TRUST IS A TRUST U/A 1/20/10; NFS/FMTC ROLLOVER IRA FBO JERRY R. SPEAKS; NFS/FMTC ROLLOVER IRA FBO ROBERT M. WEISSBERG; POINT AUX CHENES LLC; BRUCE WALKER RAVENEL; POM INVESTMENTS; JEFF ARCHIBALD; NORMAN E. APPERSON AND PAMELA MCEACHERN AS TRUSTEES FOR THE NORMAN E. APPERSON AND PAMELA MCEACHERN TRUST, U/A 7/22/96; THE DREW & RASKIN PROFIT SHARING PLAN FBO STEPHEN RASKIN; CARLOS A. MERINO AS TRUSTEE FOR THE CARLOS ALFONSO MERINO REVOCABLE LIVING TRUST U/A 12/4/96; BARBARA J. PETERSON AS TRUSTEE FOR THE BARBARA J. PETERSON REVOCABLE TRUST U/A 2/4/00; CAROLYN R. LONG; COREY SHANNON MCNAMEE; EVA MARIE SALAS AS TRUSTEE FOR EVA M. SALAS TRUST; JIMMIE C. WEST AND CAROLYN E. WEST; JOSEPH MCCARTHEY AND MIKI MCCARTHY; MARK DUGGER AS ADMINISTRATOR FOR THE ALLSTATES DRYWALL INC. EE S T; MICHAEL J. HANRATTY AND LYNSAY F. HANRATTY; | Index No.: 15 Civ. 00359 (VSB)<br><br>**FIRST AMENDED COMPLAINT** |

MITCHELL MARTIN AND DEBORAH MARTIN; NFS/FMTC ROTH IRA FBO VIRGINIA C. ADAMS; NFS/FMTC SEP FBO CARTER LAREN; NFS/FMTC SEP FBO GERALD MONA; OLEKSANDR TUMKO AND OKSANA TUMKO; THOMAS L. INGRAM AND CARISSA INGRAM AS TRUSTEES FOR THE INGRAM LIVING TRUST U/A 11/2/05; TIMOTHY CRANE AS TRUSTEE FOR THE TIMOTHY R. CRANE TRUST; WILLIAM BRADLEY AS ADMINISTRATOR FOR THE BRADLEY ANESTHESIOLOGY PROFIT SHARING PLAN; ART KLEPPEN AND KIMBERLY KLEPPEN; BRENT PAULGER AND SHARISSA PAULGER; KEVIN MOORE; NFS/FMTC IRA FBO ROBERT STEPHEN ADAMS; NFS/FMTC SEP IRA FBO GERALD E. MANWILL; STEVE HOKE AND COLLEN HOKE AS TRUSTEES FOR THE HOKE LIVING TRUST U/A 4/19/02; ARNOLD WILLIAM GOLDSCHLAGER AND NORA GOLDSCHLAGER AS TRUSTEES FOR THE GOLDSCHLAGER FAMILY TRUST U/A 6/24/04; UZZI REISS AND YAEL REISS AS TRUSTEES FOR THE REISS FAMILY TRUST U/A 12/29/88; JOHN A. RUPP AS TRUSTEE THE JOHN A. RUPP TRUST U/A 3/9/07; LAURA SMITH AND FORREST SMITH AS TRUSTEES FOR THE CONNELLY JOHNSON SMITH FAMILY TRUST U/A 4/2/09; MARC A. PIERRE AS ADMINISTRATOR FOR THE CENTER FOR PHYSICAL HEALTH 401K PROFIT SHARING PLAN; NFS/FMTC ROLLOVER IRA FBO LYNN ROLLINS STULL; NFS/FMTC ROLLOVER IRA FBO RONALD ALLEN MCCANN; NFS/FMTC ROTH IRA FBO HELEN ERSKINE; PRASAD REALTY CORP.; WILLIAM A. KARGES JR. AS TRUSTEE FOR THE KARGES REVOCABLE INTERVIVOS TRUST U/A 4/29/85; DAVID W. LARSON AND JENNIFER L. LARSON; JOHN D. SMEAD; MARK EDWARD SMEAD AS TRUSTEE FOR THE MARK E. SMEAD REVOCABLE LIVING TRUST U/A 11/17/95; NFS/FMTC ROLLOVER IRA FBO BERTRAND BROOKS CARDER; NFS/FMTC ROLLOVER IRA FBO EDWIN BRUNO KAEHLER; RICHARD GRIFF AND JACKIE GRIFF; BARBARA SEIDEL AS TRUSTEE FOR THE BARBARA GALLUN SEIDEL RESIDUAL TRUST U/A 2/9/60; BERT HUNTSINGER; CHRISTIANNA SEIDEL AS TRUSTEE FOR THE CHRISTIANNA SEIDEL

PROPERTY TRUST U/A 11/5/99 FBO CHRISTIANNA SEIDEL; DAVID BRISBIN AS TRUSTEE FOR THE INNES BRISBIN LIVING TRUST U/A 6/8/04; GEORGE FELDMAN; GILBERT DOMINGUEZ AS TRUSTEE FOR THE DOMINGUEZ TRUST U/A 3/3/05; HEMENT KATHURI AS ADMINISTRATOR FOR THE H. KATHURIA INVESTMENTS II P PLAN; JIM ROBERT PUGH; KENNTIH H. NASS AND MAUREEN NASS AS TRUSTEES FOR THE KENNETH H. & MAUREEN K. NASS CHARI TRUST U/A 6/7/05; KK SWOGGER ASSET MANAGEMENT; MAUREEN K. NASS AND KENNETH H. NASS AS TRUSTEES FOR THE MAUREEN K. NASS LIVING TRUST U/A 5/16/05; NFS/FMTC IRA FBO DIANE D. SPOLUM; NFS/FMTC ROLLOVER IRA FBO OF ANDRES KEICHIAN; NFS/FMTC ROLLOVER IRA FBO RALPH DALE EDSON; ROBERT T. FOSS AND MARGARET FOSS AS TRUSTEES FOR THE ROBERT T & MARGARET FOSS REVOCABLE TRUST U/A 3/31/04; SHELBY JORDAN AND BECKY JORDAN; TRISHA L. FRERES AND THEODORE KYLE FRERES AS TRUSTEES FOR THE TRISHA L. FRERES LIVING TRUST U/A 3/31/04; WALTER FRIESEN; WILLIAM J. CYR; WILLIAM TEN BRINK AS TRUSTEE FOR THE TEN BRINK TRUST U/A 10/2/86; WILLIAM WILEY AND MARIANNE WILEY AS TRUSTEES FOR THE WILEY FAMILY LIVING TRUST U/A 7/19/95; BUCKTHORN LLC; MARC BIENSTOCK AND JENNY I. BIENSTOCK; MARK STERIN; NANCY L. BENSON AS TRUSTEE FOR THE NANCY L. BENSON LIVING TRUST U/A 11/11/02; NFS/FMTC ROLLOVER IRA FBO JAMES A. TAMBORELLO; NFS/FMTC ROLLOVER IRA FBO RICHARD DAVIS MOORE; SKEE GOEDHART AS TRUSTEE FOR THE PARACELSUS REVOCABLE TRUST U/A 7/25/97; SUSAN C. CULLEN; GAYLE M. SANDERS AND DEBORAH SANDERS AS TRUSTEES FOR THE GAYLE M. SANDERS FAMILY TRUST REVOCABLE TRUST U/A 8/15/02; MARC W. LEVIN AND SUSAN G. LEVIN; NFS/FMTC ROLLOVER IRA FBO DONALD T. GLASER JR.; DAVID ALAN SCULLY; JERRY F. MCWILLIAMS; MICHAEL SCULLY; NFS/FMTC ROLLOVER IRA FBO TODD

nydocs1-1048701.2

HOWARD OVERGARD; DAVID ARITA; DEBORAH FOREMAN AS TRUSTEE FOR THE DEBORAH D. FOREMAN TRUST U/A 9/29/94; HCR INVESTMENTS INC.; LYNN HAVLIK; BARBARA S. MEISTER AS TRUSTEE FOR THE MEISTER NON-EXEMPT MARITAL TRUST U/A 11/17/83; BRIAN S. BEHAN; CYNTHIA KESSLER AND JAMES KESSLER; NFS/FMTC IRA FBO HOWARD W. WAHL; NORMAN S. KRAMER AND LINDA L. KRAMER; QUINCY MURPHY INC.; ROBERT L. BISHOP; SCOTT DAVIES AND MISTY DAVIES AS TRUSTEES FOR THE SCOTT & MISTY DAVIES LIVING TRUST U/A 6/28/07; BARBARA HEARST; CINDY J. LEWIS AS TRUSTEE FOR THE CINDY J. LEWIS DECLARATION OF TRUST U/A 3/11/93; JACK ABRAMS AND MARGO ABRAMS AS TRUSTEES FOR THE JACK ABRAMS PENSION PLAN 1; JIM GRIFFIN AS CUSTODIAN FOR THE MICHELLE E. GRIFFIN UTMA OH; JIM GRIFFIN AS CUSTODIAN FOR THE DANIEL J. GRIFFIN UTMA OH; JULIA L. GRIFFIN; NFS/FMTC IRA FBO LEONARD SIEGEL; NFS/FMTC IRA FBO ROYCE V. JACKSON; PETER D. SCHIFF; R. STEVEN SMITH; RICHARD POTAPCHUK; SCOTT R. GRIFFIN; AMY J. STEFANIK AS TRUSTEE FOR THE AMY J. STEFANIK REVOCABLE TRUST U/A 2/6/01; ANDREW P. COOK AND SUSAN R. COOK; CHARLOTTE J. BELASCO; JEAN A. DAVIDS-OSTERHAUS AS TRUSTEE FOR THE JEAN A. DAVIDS-OSTERHAUS REVOKABLE TRUST U/A 10/3/07; LARRY GUAGLIARDO; MARK A. OSTERHAUS AS TRUSTEE FOR THE MARK OSTERHAUS REVOCABLE TRUST U/A 10/31/07; RICHARD P. ANOTHONY III AND KIMBERLY J. ANTHONY; STEVEN JAY EPSTEIN.,

                              Plaintiff,

vs.

YAYI INTERNATIONAL INC.,

                              Defendant.

nydocs1-1048701.2

Plaintiff Euro Pacific Capital Inc., individually, and in its capacity as Investor Representative and attorney-in-fact for Barbara Sue Wilson and David D. Wilson as trustees for the Barbara Sue Wilson Trust U/A 8/23/94; Douglas W. Johnson as trustee for the Douglas William Johnson Revocable Trust U/A 6/25/10; Heidi W. Keine and Kevin Keine; Janet D. Russell as trustee for the Janet Dickinson Russell Living Trust is a Trust U/A 1/20/10; NFS/FMTC Rollover IRA FBO Jerry R. Speaks; NFS/FMTC Rollover IRA FBO Robert M. Weissberg; Point Aux Chenes LLC; Bruce Walker Ravenel; POM Investments; Jeff Archibald; Norman E. Apperson and Pamela Mceachern as trustees for the Norman E. Apperson and Pamela Mceachern Trust, U/A 7/22/96; The Drew & Raskin Profit Sharing Plan FBO Stephen Raskin; Carlos A. Merino as trustee for the Carlos Alfonso Merino Revocable Living Trust U/A 12/4/96; Barbara J. Peterson as trustee for the Barbara J. Peterson Revocable Trust U/A 2/4/00; Carolyn R. Long; Corey Shannon McNamee; Eva Marie Salas as trustee for Eva M. Salas Trust; Jimmie C. West and Carolyn E. West; Joseph McCarthey and Miki McCarthy; Mark Dugger as administrator for The Allstates Drywall Inc. EE S T; Michael J. Hanratty and Lynsay F. Hanratty; Mitchell Martin and Deborah Martin; NFS/FMTC Roth IRA FBO Virginia C. Adams; NFS/FMTC SEP FBO Carter Laren; NFS/FMTC SEP FBO Gerald Mona; Oleksandr Tumko and Oksana Tumko; Thomas L. Ingram and Carissa Ingram as trustees for the Ingram Living Trust U/A 11/2/05; Timothy Crane as trustee for the Timothy R. Crane Trust; William Bradley as administrator for the Bradley Anesthesiology Profit Sharing Plan; Art Kleppen and Kimberly Kleppen; Brent Paulger and Sharissa Paulger; Kevin Moore; NFS/FMTC IRA FBO Robert Stephen Adams; NFS/FMTC SEP IRA FBO Gerald E. Manwill; Steve Hoke and Collen Hoke as trustees

nydocs1-1048701.2

for the Hoke Living Trust U/A 4/19/02; Arnold William Goldschlager and Nora Goldschlager as trustees for the Goldschlager Family Trust U/A 6/24/04; Uzzi Reiss and Yael Reiss as trustees for the Reiss Family Trust U/A 12/29/88; John A. Rupp as trustee the John A. Rupp Trust U/A 3/9/07; Laura Smith and Forrest Smith as trustees for the Connelly Johnson Smith Family Trust U/A 4/2/09; Marc A. Pierre as administrator for the Center For Physical Health 401K Profit Sharing Plan; NFS/FMTC Rollover IRA FBO Lynn Rollins Stull; NFS/FMTC Rollover IRA FBO Ronald Allen McCann; NFS/FMTC Roth IRA FBO Helen Erskine; Prasad Realty Corp.; William A. Karges Jr. as trustee for the Karges Revocable Intervivos Trust U/A 4/29/85; David W. Larson and Jennifer L. Larson; John D. Smead; Mark Edward Smead as trustee for the Mark E. Smead Revocable Living Trust U/A 11/17/95; NFS/FMTC Rollover IRA FBO Bertrand Brooks Carder; NFS/FMTC Rollover IRA FBO Edwin Bruno Kaehler; Richard Griff and Jackie Griff; Barbara Seidel as trustee for the Barbara Gallun Seidel Residual Trust U/A 2/9/60; Bert Huntsinger; Christianna Seidel as trustee for the Christianna Seidel Property Trust U/A 11/5/99 FBO Christianna Seidel; David Brisbin as trustee for the Innes Brisbin Living Trust U/A 6/8/04; George Feldman; Gilbert Dominguez as trustee for the Dominguez Trust U/A 3/3/05; Hement Kathuri as administrator for the H. Kathuria Investments II P Plan; Jim Robert Pugh; Kenntih H. Nass and Maureen Nass as trustees for the Kenneth H. & Maureen K. Nass Chari Trust U/A 6/7/05; KK Swogger Asset Management; Maureen K. Nass and Kenneth H. Nass as trustees for the Maureen K. Nass Living Trust U/A 5/16/05; NFS/FMTC IRA FBO Diane D. Spolum; NFS/FMTC Rollover IRA FBO of Andres Keichian; NFS/FMTC Rollover IRA FBO Ralph Dale Edson; Robert T. Foss and Margaret Foss as trustees for the Robert T & Margaret

nydocs1-1048701.2

Foss Revocable Trust U/A 3/31/04; Shelby Jordan and Becky Jordan; Trisha L. Freres and Theodore Kyle Freres as trustees for the Trisha L. Freres Living Trust U/A 3/31/04; Walter Friesen; William J. Cyr; William Ten Brink as trustee for the Ten Brink Trust U/A 10/2/86; William Wiley and Marianne Wiley as trustees for the Wiley Family Living Trust U/A 7/19/95; Buckthorn LLC; Marc Bienstock and Jenny I. Bienstock; Mark Sterin; Nancy L. Benson as trustee for the Nancy L. Benson Living Trust U/A 11/11/02; NFS/FMTC Rollover IRA FBO James A. Tamborello; NFS/FMTC Rollover IRA FBO Richard Davis Moore; Skee Goedhart as trustee for the Paracelsus Revocable Trust U/A 7/25/97; Susan C. Cullen; Gayle M. Sanders and Deborah Sanders as trustees for the Gayle M. Sanders Family Trust Revocable Trust U/A 8/15/02; Marc W. Levin and Susan G. Levin; NFS/FMTC Rollover IRA FBO Donald T. Glaser Jr.; David Alan Scully; Jerry F. McWilliams; Michael Scully; NFS/FMTC Rollover IRA FBO Todd Howard Overgard; David Arita; Deborah Foreman as trustee for the Deborah D. Foreman Trust U/A 9/29/94; HCR Investments Inc.; Lynn Havlik; Barbara S. Meister as trustee for the Meister Non-Exempt Marital Trust U/A 11/17/83; Brian S. Behan; Cynthia Kessler and James Kessler; NFS/FMTC IRA FBO Howard W. Wahl; Norman S. Kramer and Linda L. Kramer; Quincy Murphy Inc.; Robert L. Bishop; Scott Davies and Misty Davies as trustees for the Scott & Misty Davies Living Trust U/A 6/28/07; Barbara Hearst; Cindy J. Lewis as trustee for the Cindy J. Lewis Declaration of Trust U/A 3/11/93; Jack Abrams and Margo Abrams as trustees for the Jack Abrams Pension Plan 1; Jim Griffin as custodian for the Michelle E. Griffin UTMA Oh; Jim Griffin as custodian for the Daniel J. Griffin UTMA Oh; Julia L. Griffin; NFS/FMTC IRA FBO Leonard Siegel; NFS/FMTC IRA FBO Royce V. Jackson; Peter D. Schiff; R. Steven Smith; Richard Potapchuk; Scott R.

Griffin; Amy J. Stefanik as trustee for the Amy J. Stefanik Revocable Trust U/A 2/6/01; Andrew P. Cook and Susan R. Cook; Charlotte J. Belasco; Jean A. Davids-Osterhaus as trustee for the Jean A. Davids-Osterhaus Revokable Trust U/A 10/3/07; Larry Guagliardo; Mark A. Osterhaus as trustee for the Mark Osterhaus Revocable Trust U/A 10/31/07; Richard P. Anothony III and Kimberly J. Anthony; Steven Jay Epstein (referred to as collectively as the "Investors"), by and through their undersigned attorneys, make this Complaint against Defendant Yayi International Inc. ("Yayi" or "Defendant") for breach of contract and allege as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendant based on its failure to pay Investors sums of monies due and owing pursuant to a promissory note (the "Note"). Yayi's default and failure to fulfill its obligations under the Note is a result of bad faith on the part of a foreign entity that went "dark" and completely disregarded its debt obligations to the Investors.

## THE PARTIES

2. Defendant Yayi International Inc. is incorporated under the laws of the state of Delaware with its principal business operations in the People's Republic of China. Yayi through its principal operating business is engaged in the business of manufacturing and selling goat milk powder for the production of goat milk formula products for infants, toddlers, young children, and adults.

3. Plaintiff Euro Pacific Capital Inc. is an investment company incorporated under the laws of the state of California, with its principal place of business in Westport, Connecticut. Euro Pacific is the Investor Representative and attorney in fact for the Investors, and authorized to act on their behalf.

nydocs1-1048701.2

## JURISDICTION AND VENUE

4. This Court has proper subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391, because the Defendant is subject to this court's personal jurisdiction subject to the choice of law clause in the contracts at issue herein.

## STATEMENT OF FACTS

6. On or about September 27, 2010, the Investors and Yayi entered into the Note[1] whereby Yayi promised to pay Investors a total of $8,920,000 (the "Principal") at nine percent (9%) interest per annum.

7. Pursuant to the Note, "the principal amount hereof and all accrued but unpaid interest shall be paid in full to the Holder on the three (3) year anniversary of the date of closing of the Minimum Amount" (hereinafter the "Maturity Date"). Pursuant to the Securities Purchase Agreement between Yayi and Euro Pacific, acting as a "Placement Agent" on behalf of the Investors, the "Minimum Amount" as cited in the Note was closed upon the execution of the Securities Purchase Agreement on or about September 27, 2010. As such, pursuant to the aforementioned agreements, the Maturity Date for the Note was September 27, 2013.

8. Moreover, the pertinent language of Section 3 states "[t]he Interest [] shall accrue on the outstanding principal amount of this Note from the date hereof

---

[1] This debt is convertible to an equity stake in Yayi's company pursuant to Section 5 of the Note, which states "[e]ach holder of the Note shall have the right, exercisable at any time prior to the Maturity Date, to convert all, but not less than all, of the principal amount then outstanding into shares of [Yayi] Company's common stock, par value $0.001 per share [] at a conversion price [] equal to $2.00 per share []." To date the Investors have not converted the debt to equity pursuant to the Note.

9

until such principal amount is repaid in full at the rate of nine percent (9%) per annum, payable semiannually in arrears on the first and third calendar quarters (i.e., March 31 and September 30) commencing March 31, 2011."

9. Section 12 of the Note also states that "[t]he Company agrees that, in the Event of Default, to reimburse the Holder for all reasonable costs and expenses (including reasonable legal fees of one counsel) incurred in connection with the enforcement and collection of this Note."

10. Defendant defaulted under the terms of the Note as it ceased making interest payments after September 30, 2012—over a year before the Maturity Date — and subsequently failed to tender any of the principal amount of the monies due and owing under the Note. Thus, Defendant is required to pay Plaintiff the monies due and owing under the Note with interest at a rate of 9% per annum thereon.

11. Simultaneously and in conjunction with the Note, on or about September 27, 2010, the parties entered into a Securities Purchase Agreement ("SPA")

12. Under the SPA, Euro Pacific is the "Investor Representative" and "Placement Agent" of all Shareholders and is their lawful agent and attorney-in-fact to act on their behalf.

13. Section 4.2 of the SPA contains salient provisions pertaining to Yayi's obligation to report, including the following:

> 4.2. <u>Furnishing of Information</u>.  As long as any Investor or any transferee owns any Securities, the Company covenants to timely file (or obtain extensions in respect thereof and file within the applicable grace period) all reports required to be filed by the Company after the date hereof pursuant to the Exchange Act.

nydocs1-1048701.2

14. Subsequent to the execution of the SPA, Yayi ceased filing with the SEC. Most notably, Yayi's last document filed was a NT 10-Q notification of its inability to timely file its 10-Q.

15. As a result of Yayi "going dark," the Investors have been unable to recoup the monies due and owing on the Note.

16. Section 6.9 of the SPA, provides in relevant part, that:

> If either party shall commence a Proceeding to enforce any provisions of a Transaction Document, then the prevailing party in such Proceeding shall be reimbursed by the other party for its reasonable attorneys' fees and other costs and expenses incurred with the investigation, preparation and prosecution of such Proceeding.

17. Thus, Plaintiff is entitled to reasonable attorneys' fees and all costs and expenses incurred with the investigation, preparation, and prosecution of their claims.

## FIRST CAUSE OF ACTION
## (INVESTORS - FOR BREACH OF CONTRACT)

18. Plaintiff repeats and realleges paragraphs 1 through 17 of the Complaint as if fully set forth herein.

19. The Investors and Yayi have a binding Note agreement, as detailed above, where Yayi promised to pay the Investors the principal amount plus interest.

20. The Investors have performed all of its duties and obligations consistent with the terms and conditions of the Note.

21. Yayi has breached the agreement by failing and refusing to issue payments to the Investors.

nydocs1-1048701.2

22. As a result of Yayi's breach of contract, the Investors have suffered and will continue to suffer damages. Yayi's breach of contract with the Investors has actually and proximately caused damage to the Investors in the amount of $8,920,000.00, together with interest thereof, all reasonable costs and expenses (including reasonable legal fees) incurred in connection with the enforcement and collection of the Note.

## SECOND CAUSE OF ACTION
## (INVESTORS - BREACH OF COVENANT)

23. Plaintiff repeats and realleges paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. As more particularly set forth above, Defendant covenanted that the Company would timely file all reports required to be filed under Exchange Act pursuant to the SPA.

25. Defendants breached the SPA, *inter alia*, by failing and refusing to report to the SEC under the Exchange Act, as Yayi's last financial report filed with the SEC was the NT 10-Q.

26. As a result Yayi's breach of its reporting covenant in the SPA, the Investors has suffered, and will continue to suffer, irreparable injury in that, *inter alia*, the Investors cannot recoup the monies due and owing.

27. As a result Yayi's breach of its reporting covenant in the SPA, the Investors are entitled to a mandatory injunction requiring Yayi to report to the SEC under the Exchange Act pursuant to the SPA.

nydocs1-1048701.2

### THIRD CAUSE OF ACTION
### (INVESTORS - BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

28. Plaintiff repeats and realleges paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29. All contracts governed by the law of the State of New York include an implied covenant of good faith and fair dealing.

30. As more particularly set forth above, Defendant breached the covenant of good faith and fair dealing implicit in the SPA by, *inter alia*, failing to adequately inform the Investors of relevant operational and financial changes or transactions, including its failure and refusal to file all reports required pursuant to the Exchange Act.

31. Defendant also breached the covenant of good faith and fair dealing by purposefully and deliberately failing to continue to make payments on the Note, Yayi breached the covenant of good faith and fair dealing implicit in the Note.

32. As a result of Yayi's breach of covenant of good faith and fair dealing implicit in the SPA, the Investors have suffered and will continue to suffer damages. Yayi's breach of contract with the Investors has actually and proximately caused damage to Plaintiff in the amount of $8,920,000.00, together with interest thereof, all reasonable costs and expenses (including reasonable legal fees) incurred in connection with the enforcement and collection of the Note.

### FOURTH CAUSE OF ACTION
### (EURO PACIFIC – DEFENDANTS' BREACH OF CONTRACT-THIRD PARTY BENEFICIARY)

33. Plaintiff repeats and realleges paragraphs 1 through 32 of the Complaint as if fully set forth herein.

13

34. Euro Pacific was a third party beneficiary to the Note as the Investor Representative and Placement Agent.

35. As Placement Agent of all Investors, Euro Pacific is heavily dependent on the level of success and satisfaction of its clients—*i.e.* the Investors.

36. The success and satisfaction of the investments derived from the Note directly impacts Euro Pacific's ability to generate a profit from its investor clients.

37. As more particularly set forth above, Defendant's breach of the Note by, *inter alia*, failing to tender payments due and owing and failing to perform its reporting obligations have proximately caused Euro Pacific to suffer damages. In particular, Euro Pacific was damaged as a result of Defendant's actions (or inactions), as it suffered business losses, reputational harm, and incurred substantial attorneys' fees and costs directly caused by Defendant's breach.

38. As a result of Defendant's breaches of the Note, Euro Pacific is entitled to damages in amount of $1,000,000.

**WHEREFORE,** Plaintiffs demand judgment as follows:

1. Enter a judgment in Plaintiff's favor on all counts of this Complaint;

2. Award Plaintiff in its capacity as Investor Representative and attorney in fact for the Investors, damages in the amount of $8,920,000.00 on Counts I and III of the Complaint;

3. Award Euro Pacific, individually, damages in the amount of $1,000,000 on Count IV of the Complaint;

4. Granting a mandatory injunction requiring Yayi to report under the Exchange Act pursuant to the SPA on Count II of the Complaint;

  5. Award costs, expenses, and attorneys' fees Plaintiff incurred in prosecuting its claims; and

  6. Award Plaintiff such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demand a trial by jury on all counts so triable.

Dated: September 11, 2015
    New York, New York

          Respectfully submitted,

          **ANDERSON KILL P.C.**

          _____
          David Graff, Esq.
          Christopher Ayers, Esq.
          Rachael Kierych, Esq.
          1251 Avenue of the Americas
          New York, New York  10020
          Tel.:  212-278-1000
          Fax:  212-278-1733

          *Attorneys for Plaintiffs*