# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Rachael Kierych, Esq.
rkierych@andersonkill.com
212-278-1365

<u>Via ECF</u>

June 1, 2016

The Honorable Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square; Courtroom 518
New York, NY 10007

Re:   <u>Euro Pacific Capital, et al. v. Yayi International Inc.,</u>
       <u>Case No.: 1:15-cv-00359-VSB</u>

Dear Judge Broderick:

We represent Plaintiffs Euro Pacific Capital Inc. et. al, in the above-captioned matter and pursuant to Your Honor's requests for additional information regarding service on the Defendant Yayi International Inc. ("Yayi"), as set forth on the record during the hearing held on May 6, 2016.

Plaintiffs commenced this action on January 16, 2015, by filing a Summons and Complaint (Doc. 1) and serving Yayi via its registered agent (Doc. 7).[1] Annexed hereto as **Exhibit 1** is a copy of Yayi's Division of Corporations page on the Delaware Secretary of State website naming "The Corporation Trust Company" as

---

[1] Federal, Delaware and New York law all permit service upon a company's registered agent. *See* FRCP R. 4(h)(1)(B) (by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant); *Keith v Melvin L. Joseph Constr. Co.*, 451 A2d 842, 845 (Del. Super Ct 1982) ("where a corporate registered agent is the corporation sought to be noticed, service of process may be made by any method authorized by § 321 for service on a corporate registered agent or upon a corporation. The default judgment is, therefore, not void for defective service."); *Handler v HSBC Mtge. Corp.*, 38 Misc 3d 1220[A], 1220A, 2013 NY Slip Op 50165[U], *2 [Sup. Ct, Kings County 2013) ("A domestic or foreign corporation may be served by delivery of the summons to an officer, director, managing or general agent, or cashier or assistant cashier or another agent authorized by appointment or by law to receive service. A business corporation may also be served pursuant to Business Corporation Law § 306 and 307 (*see* CPLR 311(a)(1)). Business Corporation Law § 306(a) provides that service of process on a registered agent may be made in the manner provided by law for the service of a summons, as if the registered agent was a defendant.")

New York, NY ■ Ventura, CA ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA ■ Burlington, VT

nydocs1-1066286.1

Anderson Kill P.C.

The Honorable Vernon S. Broderick
June 1, 2016
Page 2

Yayi's registered agent. Accordingly, Plaintiffs served Corporation Trust Company[2] on the following dates with the documents described below:

- January 30, 2015: a true and correct copy of the Summons and Complaint (Doc. 7).

- March 30, 2015: Plaintiffs' March 30, 2015 Letter arranging a Pre-Motion Conference (Doc. 11);

- May 1, 2015: Plaintiffs' notice of motion for leave to file First Amended Complaint; Memorandum of Law in Support of Motion for Leave to File First Amended Complaint; Affirmation of Christopher Ayers in Support of Motion for leave to file First Amended Complaint; and Exhibits A-D to the Affirmation (Doc. 17);

- July 15, 2015: the July 14, 2015 Order of this Court granting Plaintiffs motion for leave to file the First Amended Complaint (Doc. 20);

- October 28, 2015: Plaintiffs' Amended Complaint (Doc. 25);

- February 26, 2016: Plaintiffs' Order to Show Cause (both executed and unexecuted); Proposed Default Judgment, Affidavit of Christopher Ayers with accompanying exhibits; and the Affidavit of Pete Chema (Doc. 32);

In an abundance of caution, Plaintiffs also served Yayi via the Delaware Secretary of State[3] and mail (Federal Express and U.S. Mail) to the company's last

---

[2] After receiving a letter on or about March 4, 2016 from Corporation Trust Company indicating they could not forward the documents to Yayi, my office called the registered agent to confirm its status as Yayi's agent. Pursuant to the letter, Corporation Trust Company acknowledged receipt of the prior documents and informed my office that, only as recent as February or March 2016, it was unable to forward the documents to Yayi. Annexed hereto as **Exhibit 2** is a copy of an affidavit detailing the information received from Corporation Trust Company.

[3] Under New York law, "business Corporation Law § 306(b) authorizes service on the Secretary of State as an agent of domestic or foreign corporation. Business Corporation Law § 307 sets forth the method of service of process on unauthorized foreign corporations." *Handler v HSBC Mtge. Corp.*, 38 Misc 3d 1220[A], 1220A, 2013 NY Slip Op 50165[U], *2 (Sup Ct, Kings County 2013); see also *Ultradent Prods., Inc. v Hayman*, 2002 US Dist LEXIS 18000, at *8-9 (S.D.N.Y. Sep. 24, 2002, M8-85 (RPP)). Under Delaware law, 6 Del. C. § 17-105(b) allows for service on the secretary of state if the process server "cannot by due diligence serve the process in any manner provided for by subsection (a) of this section." 6 Del. C. § 17-105(b).

nydocs1-1066286.1

The Honorable Vernon S. Broderick
June 1, 2016
Page 3

known address. Specifically, Plaintiffs made such additional service on the following dates with the documents described below:

- April 30, 2015 via U.S. mail[4]: Plaintiffs' notice of motion for leave to file First Amended Complaint; Memorandum of Law in Support of Motion for Leave to File First Amended Complaint; Affirmation of Christopher Ayers in Support of Motion for leave to file First Amended Complaint; and Exhibits A-D to the Affirmation (Doc. 16);

- July 14, 2015 via U.S. mail: the July 14, 2015 Order of this Court granting Plaintiffs motion for leave to file the First Amended Complaint (Doc. 21);

- October 28, 2015 via personal service on the Delaware Secretary of State and Federal Express to the Company's address in China: Plaintiffs' Amended Complaint (Doc. 24, 26) (*See* **Exhibit 3** Federal express shipment receipt).

- February 26, 2016 via Federal Express: Order to Show Cause (both executed and unexecuted); Proposed Default Judgment, Affidavit of Christopher Ayers with accompanying exhibits; and the Affidavit of Pete Chema (Doc. 32) (*See* **Exhibit 4** Federal express shipment receipt);

- March 11, 2016 via personal service on the Delaware Secretary of State: the Order to Show Cause (both executed and unexecuted); Proposed Default Judgment, Affidavit of Christopher Ayers with accompanying exhibits; and the Affidavit of Pete Chema (Doc. 33, Exhibit C).

With respect to Plaintiffs' motion for default judgment, the Court's order to show cause dated February 25, 2016 ordered that "service of a copy of this Order to Show Cause, and the papers upon which it is based, shall be made upon Yayi… on or before the 3rd day of March, 2016, <u>by overnight federal express and that such service shall be sufficient service of the Documents</u>". Plaintiffs abided by the Court's order serving Yayi via overnight federal express to: (1) Yayi's registered agent; (2) the Delaware Secretary of State; and, (3) Yayi's last known address in China. Unfortunately, on May 31, 2016,

---

Accordingly, if service could not be effected on the registered agent, service on the Delaware Secretary of State is appropriate.

[4] U.S. mail does not allow for international delivery with a return receipt or certified mail, thus any mailing sent via U.S. mail was done so without a return receipt requested.

**Anderson Kill P.C.**

The Honorable Vernon S. Broderick
June 1, 2016
Page 4

Plaintiffs' counsel received a letter from the Delaware Secretary of State indicating that service of Plaintiffs' default papers was returned because Yayi's registered agent refused to accept service. And, Plaintiffs package to China remains "in transit." *See* Ex. 4. Nonetheless, Plaintiffs respectfully submit that service was proper because the Second Circuit has held:

> [n]ormally, the mails provide an efficient mechanism of communication "upon which prudent men will ordinarily rely in the conduct of important affairs. In the context of a wide variety of proceedings . . . the Supreme Court has consistently held that mailed notice satisfies the requirements of due process.

*Grievance Comm. v. Polur*, 67 F.3d 3, 6 (2d Cir. 1995) (citations omitted) (finding attorney's failure to receive a mailed order to show cause was a result of his failure to maintain up-to-date information in his registration file, therefore he could not contest notice).

Further, as a matter of law, the fact that the notice was returned does not render the judgment invalid. *See generally Sony Corp. v. S.W.I. Trading, Inc.*, 104 F.R.D. 535, 541 (S.D.N.Y. 1985) (denying a motion to vacate a default judgment and noting that the "Notice of the inquest was mailed to defendant but the notice was returned as 'Moved-- Not Forwardable.' Thus, defendant's failure to receive notice of the inquest was a consequence of its failure to leave a forwarding address. The defendant cannot now complaint that the Magistrate arrived at an incorrect determination of damages."). Further, foreign companies doing business in Delaware are required to register with the Secretary of State. *See* 8 *Del. C.* § 371; *Centralia Mining Co. v. Crawford,* 14 A.3d 519 (Del. 2011). In *Centralia*, the Delaware Supreme Court affirmed the lower court's decision to deny a motion to vacate a default judgment because it was the defendant's failure to register with the Secretary of State that caused the company not to receive notice, not any failure on the part of the plaintiff:

> The long-recognized purpose of [8 *Del. C.* § 371] is to secure to the State and its people a way to serve process on a corporation which is organized elsewhere and which comes here to act through officers or agents. Delaware law mandates that foreign corporations maintain agencies upon whom process can be served validly.

*Id.*

Anderson Kill P.C.

The Honorable Vernon S. Broderick
June 1, 2016
Page 5

   Based on the foregoing, Plaintiffs respectfully submit that service in this matter has been proper and default should be entered against Yayi. We thank the Court for its attention to this matter.

               Respectfully submitted,

               Rachael Kierych

Enclosures