UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETER D. SCHIFF, AND EURO PACIFIC
CAPITAL INC., et. al.

                Plaintiffs,

    vs.

YAYI INTERNATIONAL INC.,

                Defendant.

15 Civ. 00359 (VSB) (KNF)

---

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF <u>INQUEST FOR DAMAGES</u>

**ANDERSON KILL P.C.**

David Graff, Esq.
Christopher L. Ayers, Esq.
Rachael Kierych, Esq.
1251 Avenue of the Americas
New York, New York 10020
Tel.:  212-278-1000
Fax:  212-278-1733

*Attorneys for Plaintiffs*

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 4

FACTUAL BACKGROUND .................................................................................................... 5

DAMAGES ................................................................................................................................ 7

    A.    The Notes .................................................................................................. 7

    B.    Business Losses and Reputational Harm .................................................. 8

    C.    Attorney's Fees and Costs ......................................................................... 9

LEGAL ARGUMENT ............................................................................................................... 9

    A.    Investors' Damages on the Notes ............................................................ 10

    B.    Euro Pacific's Damages - Business Losses and
           Reputational Harm .................................................................................. 11

    C.    Attorney's Fees and Costs ....................................................................... 13

CONCLUSION ........................................................................................................................ 14

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Agbaje v. Bah*,
   09 Civ. 6201, 2010 U.S. Dist. LEXIS 142529 (S.D.N.Y. Dec. 23, 2010) .................. 10

*Dun & Bradstreet v. Greenmoss Builders*,
   472 U.S. 749 (1985) ............................................................................................... 12

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*,
   375 F.3d 168 (2d Cir. 2004) .................................................................................... 9

*Gulf Coast Bank & Tr. Co. v. ASESD, LLC*,
   No. 11-CV-5023 (RMB) (RLE), 2014 U.S. Dist. LEXIS 168327 (S.D.N.Y. Aug.
   29, 2014) ................................................................................................................ 11

*Kempf v. Mitsui Plastics*,
   96 Civ. 1106, 1996 U.S. Dist. LEXIS 17240 (S.D.N.Y. Nov. 18, 1996) .................... 10

*N.Y. Water Serv. Corp. v New York*,
   163 N.Y.S. 2d 538 (App. Div. 1957) ........................................................................ 12

*Reads Co., LLC v. Katz*,
   900 N.Y.S.2d 131 (2010 App. Div.) ......................................................................... 12

*Seidman v Indus. Recycling Props., Inc.*,
   967 N.Y.S. 2d 77 (App. Div. 2013) .......................................................................... 10

*V.S. Int'l, S.A. v. Boyden World Corp.*,
   No. 90 Civ. 4091 (PKL), 1993 U.S. Dist. LEXIS 2586 (S.D.N.Y. Mar. 4, 1993) ........ 13

**OTHER AUTHORITIES**

36 NY Jur Damages § 46 (2nd 2014) ........................................................................... 10

72 NY Jur Interest and Usury § 9 (2nd 2014) ............................................................... 10

Plaintiff Euro Pacific Capital Inc., ("Euro Pacific") individually, and in its capacity as Investor Representative and attorney-in-fact for Barbara Sue Wilson and David D. Wilson as trustees for the Barbara Sue Wilson Trust U/A 8/23/94; Douglas W. Johnson as trustee for the Douglas William Johnson Revocable Trust U/A 6/25/10; Heidi W. Keine and Kevin Keine; Janet D. Russell as trustee for the Janet Dickinson Russell Living Trust is a Trust U/A 1/20/10; NFS/FMTC Rollover IRA FBO Jerry R. Speaks; NFS/FMTC Rollover IRA FBO Robert M. Weissberg; Point Aux Chenes LLC; Bruce Walker Ravenel; POM Investments; Jeff Archibald; Norman E. Apperson and Pamela Mceachern as trustees for the Norman E. Apperson and Pamela Mceachern Trust, U/A 7/22/96; The Drew & Raskin Profit Sharing Plan FBO Stephen Raskin; Carlos A. Merino as trustee for the Carlos Alfonso Merino Revocable Living Trust U/A 12/4/96; Barbara J. Peterson as trustee for the Barbara J. Peterson Revocable Trust U/A 2/4/00; Carolyn R. Long; Corey Shannon McNamee; Eva Marie Salas as trustee for Eva M. Salas Trust; Jimmie C. West and Carolyn E. West; Joseph McCarthey and Miki McCarthy; Mark Dugger as administrator for The Allstates Drywall Inc. EE S T; Michael J. Hanratty and Lynsay F. Hanratty; Mitchell Martin and Deborah Martin; NFS/FMTC Roth IRA FBO Virginia C. Adams; NFS/FMTC SEP FBO Carter Laren; NFS/FMTC SEP FBO Gerald Mona; Oleksandr Tumko and Oksana Tumko; Thomas L. Ingram and Carissa Ingram as trustees for the Ingram Living Trust U/A 11/2/05; Timothy Crane as trustee for the Timothy R. Crane Trust; William Bradley as administrator for the Bradley Anesthesiology Profit Sharing Plan; Art Kleppen and Kimberly Kleppen; Brent Paulger and Sharissa Paulger; Kevin Moore; NFS/FMTC IRA FBO Robert Stephen Adams; NFS/FMTC SEP IRA FBO Gerald E. Manwill; Steve Hoke and Collen Hoke as trustees

for the Hoke Living Trust U/A 4/19/02; Arnold William Goldschlager and Nora Goldschlager as trustees for the Goldschlager Family Trust U/A 6/24/04; Uzzi Reiss and Yael Reiss as trustees for the Reiss Family Trust U/A 12/29/88; John A. Rupp as trustee the John A. Rupp Trust U/A 3/9/07; Laura Smith and Forrest Smith as trustees for the Connelly Johnson Smith Family Trust U/A 4/2/09; Marc A. Pierre as administrator for the Center For Physical Health 401K Profit Sharing Plan; NFS/FMTC Rollover IRA FBO Lynn Rollins Stull; NFS/FMTC Rollover IRA FBO Ronald Allen McCann; NFS/FMTC Roth IRA FBO Helen Erskine; Prasad Realty Corp.; William A. Karges Jr. as trustee for the Karges Revocable Intervivos Trust U/A 4/29/85; David W. Larson and Jennifer L. Larson; John D. Smead; Mark Edward Smead as trustee for the Mark E. Smead Revocable Living Trust U/A 11/17/95; NFS/FMTC Rollover IRA FBO Bertrand Brooks Carder; NFS/FMTC Rollover IRA FBO Edwin Bruno Kaehler; Richard Griff and Jackie Griff; Barbara Seidel as trustee for the Barbara Gallun Seidel Residual Trust U/A 2/9/60; Bert Huntsinger; Christianna Seidel as trustee for the Christianna Seidel Property Trust U/A 11/5/99 FBO Christianna Seidel; David Brisbin as trustee for the Innes Brisbin Living Trust U/A 6/8/04; George Feldman; Gilbert Dominguez as trustee for the Dominguez Trust U/A 3/3/05; Hement Kathuri as administrator for the H. Kathuria Investments II P Plan; Jim Robert Pugh; Kenntih H. Nass and Maureen Nass as trustees for the Kenneth H. & Maureen K. Nass Chari Trust U/A 6/7/05; KK Swogger Asset Management; Maureen K. Nass and Kenneth H. Nass as trustees for the Maureen K. Nass Living Trust U/A 5/16/05; NFS/FMTC IRA FBO Diane D. Spolum; NFS/FMTC Rollover IRA FBO of Andres Keichian; NFS/FMTC Rollover IRA FBO Ralph Dale Edson; Robert T. Foss and Margaret Foss as trustees for the Robert T & Margaret

Foss Revocable Trust U/A 3/31/04; Shelby Jordan and Becky Jordan; Trisha L. Freres and Theodore Kyle Freres as trustees for the Trisha L. Freres Living Trust U/A 3/31/04; Walter Friesen; William J. Cyr; William Ten Brink as trustee for the Ten Brink Trust U/A 10/2/86; William Wiley and Marianne Wiley as trustees for the Wiley Family Living Trust U/A 7/19/95; Buckthorn LLC; Marc Bienstock and Jenny I. Bienstock; Mark Sterin; Nancy L. Benson as trustee for the Nancy L. Benson Living Trust U/A 11/11/02; NFS/FMTC Rollover IRA FBO James A. Tamborello; NFS/FMTC Rollover IRA FBO Richard Davis Moore; Skee Goedhart as trustee for the Paracelsus Revocable Trust U/A 7/25/97; Susan C. Cullen; Gayle M. Sanders and Deborah Sanders as trustees for the Gayle M. Sanders Family Trust Revocable Trust U/A 8/15/02; Marc W. Levin and Susan G. Levin; NFS/FMTC Rollover IRA FBO Donald T. Glaser Jr.; David Alan Scully; Jerry F. McWilliams; Michael Scully; NFS/FMTC Rollover IRA FBO Todd Howard Overgard; David Arita; Deborah Foreman as trustee for the Deborah D. Foreman Trust U/A 9/29/94; HCR Investments Inc.; Lynn Havlik; Barbara S. Meister as trustee for the Meister Non-Exempt Marital Trust U/A 11/17/83; Brian S. Behan; Cynthia Kessler and James Kessler; NFS/FMTC IRA FBO Howard W. Wahl; Norman S. Kramer and Linda L. Kramer; Quincy Murphy Inc.; Robert L. Bishop; Scott Davies and Misty Davies as trustees for the Scott & Misty Davies Living Trust U/A 6/28/07; Barbara Hearst; Cindy J. Lewis as trustee for the Cindy J. Lewis Declaration of Trust U/A 3/11/93; Jack Abrams and Margo Abrams as trustees for the Jack Abrams Pension Plan 1; Jim Griffin as custodian for the Michelle E. Griffin UTMA Oh; Jim Griffin as custodian for the Daniel J. Griffin UTMA Oh; Julia L. Griffin; NFS/FMTC IRA FBO Leonard Siegel; NFS/FMTC IRA FBO Royce V. Jackson; Peter D. Schiff; R. Steven Smith; Richard Potapchuk; Scott R.

3

Griffin; Amy J. Stefanik as trustee for the Amy J. Stefanik Revocable Trust U/A 2/6/01; Andrew P. Cook and Susan R. Cook; Charlotte J. Belasco; Jean A. Davids-Osterhaus as trustee for the Jean A. Davids-Osterhaus Revocable Trust U/A 10/3/07; Larry Guagliardo; Mark A. Osterhaus as trustee for the Mark Osterhaus Revocable Trust U/A 10/31/07; Richard P. Anthony III and Kimberly J. Anthony; Steven Jay Epstein (referred to as collectively as the "Investors"), by and through their attorneys, Anderson Kill P.C., respectfully submit this Memorandum of Law in Support of Plaintiffs' Inquest for Damages pursuant to this Court's Order dated June 14, 2016 (Doc. 38).

## **PRELIMINARY STATEMENT**

Plaintiffs submit this Inquest Memorandum after obtaining a default judgment against Defendant. After agreeing to borrow money from the Investors, Yayi has "gone dark," turnings its back on its U.S. investors, and willfully refused to participate in, let alone recognize, the instant litigation.

Yayi, a Delaware corporation with operations in China, willfully refused to comply with the terms of promissory notes and has failed to provide basic financial information to the Securities and Exchange Commission ("SEC") and the Investors. This case is about more than a company's failure to produce books and records. Rather, it is about a growing and disturbing trend among Chinese companies with publicly filed audited financial reports that suddenly "go dark," de-list (depressing the stock's market value) and thereafter refused to acknowledge the basic rights of its U.S.-based investors. Yayi fits squarely into this trend.

Despite proper service, Yayi refused to participate in this litigation. Yayi has turned its back on its U.S. investors, and its actions threaten to leave the Plaintiffs

4

with no reasonable means of recouping their investment. Yayi has likewise turned its back on this State by its refusal to recognize the judicial process.

Under these circumstances, the Plaintiffs respectfully request that this Court order all damages respectfully detailed and requested herein. Specifically, Plaintiffs have requested damages based on the principal and interest on the Notes (as defined below), business losses and reputational damages, and attorneys' fees and costs.

## **FACTUAL BACKGROUND**

Defendant Yayi International Inc. ("Yayi" or "Defendant") is incorporated under the laws of the state of Delaware with its principal business operations in the People's Republic of China. *See* Affidavit of Peter Chema dated July 8, 2016 ("Chema Aff.") ¶ 3. Plaintiff Euro Pacific Capital Inc. is an investment company incorporated under the laws of the state of California, with its principal place of business in Westport, Connecticut. *Id.* ¶ 4. Euro Pacific is the Investor Representative and attorney in fact for the Investors, and authorized to act on their behalf. *Id.* ¶ 12.

On or about September 27, 2010, the Investors and Yayi entered into promissory notes (the "Notes") whereby Yayi promised to pay Investors a total of $8,920,000 (the "Principal") at nine percent (9%) interest per annum.[1] *Id.* ¶ 5, Ex. A. Pursuant to the Notes, "the principal amount hereof and all accrued but unpaid interest

---

[1] This debt is convertible to an equity stake in Yayi's company pursuant to Section 5 of the Note, which states "[e]ach holder of the Note shall have the right, exercisable at any time prior to the Maturity Date, to convert all, but not less than all, of the principal amount then outstanding into shares of [Yayi] Company's common stock, par value $0.001 per share [] at a conversion price [] equal to $2.00 per share []." To date the Investors have not converted the debt to equity pursuant to the Note.

5

shall be paid in full to the Holder on the three (3) year anniversary of the date of closing of the Minimum Amount" (hereinafter the "Maturity Date"). *Id.* ¶ 6. Simultaneously and in conjunction with the Note, on or about September 27, 2010, the parties entered into a Securities Purchase Agreement ("SPA"). *Id.* ¶ 7, Ex. B. The "Minimum Amount" as cited in the Notes was tendered upon the execution of the SPA. As such, pursuant to the aforementioned agreements, the Maturity Date for the Note was September 27, 2013. *Id.* ¶ 8.

Moreover, the pertinent language of Section 3 states "[t]he Interest [] shall accrue on the outstanding principal amount of this Note from the date hereof until such principal amount is repaid in full at the rate of nine percent (9%) per annum, payable semiannually in arrears on the first and third calendar quarters (i.e., March 31 and September 30) commencing March 31, 2011." *Id.* ¶ 9. Section 12 of the Notes also states that "[t]he Company agrees that, in the Event of Default, to reimburse the Holder for all reasonable costs and expenses (including reasonable legal fees of one counsel) incurred in connection with the enforcement and collection of this Note." *Id.* ¶ 10.

Defendant defaulted on the Notes as it ceased making interest payments after September 30, 2012—more than a year before the Maturity Date — and subsequently failed to tender any of the principal amount of the monies due and owing under the Notes. Thus, Defendant is required to pay Plaintiff the monies due and owing under the Notes with interest at a rate of 9% per annum thereon. *Id.* ¶ 11.

Under the SPA, Euro Pacific is the "Investor Representative" and "Placement Agent" of all Shareholders and is their lawful agent and attorney-in-fact to

act on their behalf.  *Id.* ¶ 12.  Section 4.2 of the SPA contains salient provisions pertaining to Yayi's obligation to report, including the following:

> 4.2.    <u>Furnishing of Information</u>.  As long as any Investor or any transferee owns any Securities, the Company covenants to timely file (or obtain extensions in respect thereof and file within the applicable grace period) all reports required to be filed by the Company after the date hereof pursuant to the Exchange Act.

*Id.* ¶ 13.  Subsequent to the execution of the SPA, Yayi ceased filing with the SEC. Most notably, Yayi's last document filed was on August 15, 2012, a NT 10-Q notification of its inability to timely file its 10-Q.  *Id.* ¶ 14.

As a result of Yayi "going dark," the Investors have been unable to recoup the monies due and owing on the Note. Thus, Plaintiffs were forced to commence this action, incurring substantial attorneys' fees and costs.  Section 6.9 of the SPA, provides in relevant part, that:

> If either party shall commence a Proceeding to enforce any provisions of a Transaction Document, then the prevailing party in such Proceeding shall be reimbursed by the other party for its reasonable attorneys' fees and other costs and expenses incurred with the investigation, preparation and prosecution of such Proceeding.

*Id.* ¶ 15.  Thus, Plaintiffs are entitled to reasonable attorneys' fees and all costs and expenses incurred with the investigation, preparation, and prosecution of their claims.

## DAMAGES

### A.    The Notes

As set forth in Affidavit of Peter Chema, Yayi promised to pay Investors a total of $8,920,000 (the "Principal") at nine percent (9%) interest per annum.  *Id.* ¶ 5. The pertinent language of Section 3 states "[t]he Interest [] shall accrue on the outstanding principal amount of this Note from the date hereof until such principal

amount is repaid in full at the rate of nine percent (9%) per annum, payable semiannually in arrears on the first and third calendar quarters (i.e., March 31 and September 30) commencing March 31, 2011." The interest on the outstanding Notes calculated from the date of the Notes, when interest commenced, through February 19, 2016 is $4,337,319.45. Defendant has failed to pay Investors the monies owed pursuant to the Notes. Accordingly, the Plaintiffs are damaged in the amount of $13,257,319.45 inclusive of interest for breach of the Notes through February 19, 2016. This amount puts the aggrieved Investors in the same position had Yayi complied with its payment obligations.

### B. Business Losses and Reputational Harm

In its capacity as Placement Agent, Plaintiff Euro Pacific is an intended third party beneficiary to the Notes and SPA. Specifically, Section 6.8 of the SPA states in relevant part "the Investor Representative [(Euro Pacific)] … is an intended third party beneficiary of this Agreement and have all of the rights of an "Investor" under this Agreement." *Id.* ¶ 16. As a result of Defendant's breach the Notes by failing to pay the monies owed under the terms of the Notes, Plaintiff Euro Pacific suffered damages as it incurred business losses and reputational harm resulting in further lost profits. *Id.* ¶ 17.

As set forth in Affidavit of Peter Chema in Support of the Inquest, Euro Pacific suffered damages in the amount of $53,014.88 for business losses; and, based upon established precedent, Euro Pacific is entitled to $1,000,000 for reputational harm and lost profits, plus pre-judgment interest thereon in the amount of $103,859.00 calculated at the statutory rate of nine percent (9%) from the commencement of this action on January 16, 2015 through February 19, 2016. *Id.* ¶¶ 24-25.

8

### C. Attorney's Fees and Costs

Section 12 of the Notes also states that "[t]he Company agrees that, in the Event of Default, to reimburse the Holder for all reasonable costs and expenses (including reasonable legal fees of one counsel) incurred in connection with the enforcement and collection of this Note."  *Id.* ¶ 10.  Similarly, Section 6.9 of the SPA also calls for the reimbursement of reasonable attorneys' fees and other costs and expenses incurred.  *Id.* ¶ 5.

As a result of the successful prosecution of Defendant's breach of the Notes and its pursuit to recover funds invested in Yayi, Plaintiffs incurred attorneys' fees and costs.  *See* Affirmation of Christopher Ayers dated July 8, 2016 ("Ayers Aff.") ¶ 4.  The attorney's fees and costs requested herein were incurred for services rendered by Anderson Kill P.C.  *Id.* ¶ 5.  Previously, in the submission for default, the attorney's fees incurred are $42,692.50 and the costs incurred are $2,170.80 from engagement of Anderson Kill P.C. through February 19, 2016.  *Id.* ¶ 6.  Since the filing of default Plaintiffs have occurred additional attorneys' fees in the amount of $18,506.50 and costs in the amount of $1,635.  *Id.* ¶ 7.  The total fees and costs to date is $65,937.02.  *Id.* ¶ 8.  The billing rates for the attorneys, law clerks, and paralegals working on the instant litigation ranged from $150 per hour for a paralegal to $715 per hour for a partner.  *Id.* ¶ 9.

### **LEGAL ARGUMENT**

The Court of Appeals for the Second Circuit has held that to plead a viable breach of contract claim, a "complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages."  *Eternity Global Master Fund Ltd. v.*

9

*Morgan Guar. Trust Co.*, 375 F.3d 168, 177 (2d Cir. 2004).  It is not necessary to state each element individually because of the notice pleading standard embodied in Fed. R. Civ. P. 8.  *Kempf v. Mitsui Plastics*, 96 Civ. 1106, 1996 U.S. Dist. LEXIS 17240 (S.D.N.Y. Nov. 18, 1996)

### A. Investors' Damages on the Notes

"Damages are intended to return the parties to the point at which the breach arose and to place the nonbreaching party in as good a position as it would have been had the contract been performed."  *Seidman v Indus. Recycling Props., Inc.*, 967 N.Y.S. 2d 77, 78 (App. Div. 2013); *see also Agbaje v. Bah*, 09 Civ. 6201, 2010 U.S. Dist. LEXIS 142529, at *8 (S.D.N.Y. Dec. 23, 2010).  Specifically, "the measure of damages for the breach of a contract to pay money at a stipulated time is, in the absence of any special circumstances in the contemplation of the parties at the time of the execution of the contract, legal interest as damages for the temporary loss of the use of his or her money."  36 NY Jur Damages § 46 (2nd 2014).  Furthermore, "persons who occupy or intend to assume the relation of debtor and creditor may contract for the payment of interest within the limits allowed by statute, and such a contract is controlling because interest expressly reserved in a contract is recoverable as of right."  72 NY Jur Interest and Usury § 9 (2nd 2014).

On or about September 27, 2010, the Investors and Yayi entered into The Notes whereby Yayi promised to pay Investors the Principal plus interest at nine percent (9%) per annum.  Simultaneously and in conjunction with the Notes, the parties entered into the SPA.  Plaintiffs performed by providing the monies to Yayi.  On the other hand, pursuant to the Notes, Yayi was to repay the Investors the principal plus interest by the Maturity Date of September 27, 2013.  However, Yayi ceased making payments as after

September 30, 2012.  Therefore, Yayi is in material breach.  Similarly, pursuant to Section 4.2 of the SPA, Yayi was required to make all required filings with the SEC as long as the Notes were still outstanding.  However, Subsequent to the execution of the SPA, Yayi ceased filing with the SEC, last filing occurred on August 15, 2012.  This constitutes a further material breach by Yayi.

Due to Yayi's breach the Investors are entitled to the Principal amount plus all unpaid interest. "Damages for breach of contract are determined by calculating the amount necessary to put the plaintiff in the same economic position he would have been in had the defendant fulfilled his contract.  Additionally, under New York law, where the breach of contract is a failure to pay money, the plaintiff is entitled to recover the unpaid amount due under the contract plus interest." *Gulf Coast Bank & Tr. Co. v. ASESD, LLC*, No. 11-CV-5023 (RMB) (RLE), 2014 U.S. Dist. LEXIS 168327, at *10 (S.D.N.Y. Aug. 29, 2014) (internal citations omitted) (based on the submissions by plaintiff, the Court recommended damages on the loan for breach of contract as well as interest).

Here Investors are owed the Principal amount of $8,920,000 together with interest through February 19, 2016 in the amount of $4,337,319.45, for monies due and owed under the Notes, plus interest at the contract rate of 9% per annum.

### B. Euro Pacific's Damages - Business Losses and Reputational Harm

An injured party is entitled to recover special damages which arise from peculiar circumstances of a particular case, including the loss of profits as long as the damages can be fairly said to have been within the contemplation of the parties when

the contract was made.  *See Reads Co., LLC v. Katz*, 900 N.Y.S.2d 131 (2010 App. Div.).

Euro Pacific has built its goodwill upon, among other things, its customer base, client relations, reputation for solid investment strategy along with the reputation of Peter Schiff within the media and finance industry.  *See* Chema. Aff. ¶ 19.  Mr. Schiff is Euro Pacific's CEO and Chief Global Strategist, as well as its public figurehead.  *Id.* ¶ 20.  Euro Pacific's and Peter Schiff's goodwill and concomitant reputation have been detrimentally affected and tarnished by the breach of the SPA.  *Id.*  This is particularly salient for this matter concerning international investments, as it is closely tied to Euro Pacific and Mr. Schiff's recognized expertise, sophistication and status in the finance industry.  *Id.* ¶ 21.  Moreover, intangible assets such as brand name, intellectual capital, unique market position and established networks comprise exceptionally important assets to Euro Pacific.  *Id.* ¶ 22.  The goodwill and reputation of broker-dealers and investment professionals are intrinsically valuable, especially in Euro Pacific's case when it comes to international investments.  *Id.* ¶ 23.

In order to make Euro Pacific whole, the court must look to the unique nature of the contract.  *See N.Y. Water Serv. Corp. v New York*, 163 N.Y.S. 2d 538 (App. Div. 1957).  Under the circumstances detailed above courts allow businesses to recover for damages to their reputation and lost profits.  *Dun & Bradstreet v. Greenmoss Builders*, 472 U.S. 749, 760-761 (1985) (discussing damages suffered by businesses due to reputational harm).  In fact, in the same exact conditions as this the case at hand, a New York court granted reputational damages to Euro Pacific.  *See* Ayers Aff. Ex. B, *Peter Schiff v. China Nutrifruit Group Ltd.*, Judgment of January 21,

12

2015 (awarding $1 million in reputational damages to a Euro Pacific as a third party beneficiary broker deal for the breach of a securities purchase agreement).

As shown in the Affidavit of Peter Chema, Euro Pacific and Peter Schiff have a sterling reputation within the investment community.  This reputation attracts like-minded people who believe the fundamentals of certain sectors, such as foreign investments.  These are loyal investors that wait years with down portfolios for bubbles to burst.  However, when Yayi defaulted on the Notes, Euro Pacific suffered damage to this reputation.

Furthermore, as a result of the Defendant's breach of the Notes, Euro Pacific is entitled to damages in the amount $1,000,000 for reputational harm (*See Peter Schiff v. China Nutrifruit Group Ltd.*, Judgment of January 21, 2015), plus pre-judgment interest thereon in the amount of $103,859.00 calculated at the statutory rate of nine percent (9%) from the commencement of this action on January 16, 2015 through February 19, 2016.

### C. Attorney's Fees and Costs

The Supreme Court has recognized three specific exceptions that have also been applied in cases interpreting New York law:  "(1) when a statute or enforceable contract provides for attorneys' fees; (2) where the prevailing party confers a common benefit upon a class or fund, and (3) when a losing party willfully disobeys a court order or has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *V.S. Int'l, S.A. v. Boyden World Corp.*, No. 90 Civ. 4091 (PKL), 1993 U.S. Dist. LEXIS 2586 at *40, (S.D.N.Y. Mar. 4, 1993) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257-59 (1975)). Both Section 12 of the Notes and Section 6.9 of the SPA call for the reimbursement of reasonable attorneys' fees and other costs and

13

expenses incurred for Yayi's default.  Thus, Plaintiffs are entitled to attorneys' fees and costs pursuant to these contract provisions as an exception to the American rule.

As a result of the successful prosecution of Defendant's breach of the Notes and its pursuit to recover funds invested in Yayi, Plaintiffs incurred attorneys' fees and costs.  The attorney's fees and costs requested herein were incurred for services rendered by Anderson Kill P.C.  The total fees and costs to date is $65,937.02.

## CONCLUSION

Wherefore, Plaintiffs respectfully request the Court enter an order for damages in the amount of $13,257,319.45 on the principal and interest on the Notes, plus $1,156,873.88 for reputational damages and $65,937.02 for attorneys' fees and costs.

Dated: July 8, 2016  
      New York, New York

Respectfully submitted,

**ANDERSON KILL P.C.**

/s/ David Graff  
David Graff, Esq.  
Christopher Ayers, Esq.  
Rachael Kierych, Esq.  
1251 Avenue of the Americas  
New York, New York  10020  
Tel.: 212-278-1000  
Fax: 212-278-1733  

*Attorneys for Plaintiffs*

14

nydocs1-1068948.2