# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

David Graff, Esq.
Dgraff@andersonkill.com
212-278-1333

*Via ECF*  February 23, 2017

The Honorable Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square; Courtroom 518
New York, NY 10007

      Re:   *Euro Pacific Capital, et al. v. Yayi International Inc.*,
            Case No.: 1:15-cv-00359-VSB-KNF

Dear Judge Broderick:

      We represent Plaintiffs Euro Pacific Capital Inc. ("Euro Pacific") and its 119 investors. We write to request a pre-motion conference pursuant to Your Honor's Individual Rules & Practice, Rule 4A, as well as to request a brief extension of time to file written objections to Magistrate Judge Kevin Nathaniel Fox's February 13, 2017 Report and Recommendation.

      This is a collection action in which Euro Pacific on behalf of its 119 investors seeks to recover sums due and payable by Defendant Yayi International Inc. pursuant to promissory notes (the "Notes") whereby Yayi promised to pay Investors a total of $8,920,000 (the "Principal") at nine percent (9%) interest per annum. By failing and refusing to make payments under the Notes, provide basic financial information, and acknowledge the rights of its U.S.-based investors, Defendant has materially breached the Notes.

      Following Defendant's failure to appear in this action, Plaintiffs moved for default judgment and filed a memorandum in support of an inquest on Plaintiffs' damages. On February 13, 2017, Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation in which Magistrate Judge Fox recommended that no damages be awarded to Plaintiffs (the "Report"). A finding and award of no damages would be a drastic and harsh remedy severely prejudicing the Plaintiffs in what would be equivalent to a dismissal with prejudice. This finding would essentially grant Defendant a windfall – forgiveness of a $13,257,319.45 debt (as of February 19, 2016) – in an action in which it has refused to appear despite valid service.

      Plaintiffs intend to file written objections to the Report – which are presently due Monday, February 27, 2017. Together with Plaintiffs' objections, Plaintiffs wish to file a notice of motion to supplement the inquest record with additional proofs and documentation supporting the claims for damages. Your Honor has the authority to

**Anderson Kill P.C.**

The Honorable Vernon S. Broderick
February 23, 2017
Page 2

consider additional evidence, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("FRCP") 72(b)(3). Courts routinely allow such supplementation of the inquest record. *See GE Capital Corp. v. Bestway Tour & Travel, Inc.*, 2012 U.S. Dist. LEXIS 159861, *4-5, 2012 WL 5458502 (S.D.N.Y. Nov. 7, 2012) (granting plaintiff's motion to supplement the inquest record with an additional declaration pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3)). More specifically, Plaintiffs intend to supplement the record with all the relevant transaction documents and signature pages for the loans made by each of the 119 investors in this action.[1] The purpose is to clarify for Your Honor the amount owed to each investor and cure the defects Magistrate Judge Fox identified in the Report. These supplemental documents will prove that the Plaintiffs are entitled to the damages they seek, *i.e.*, a total of $8,920,000 in principal and $4,337,319.45 in interest plus attorneys' fees and costs.

Further, in the Report, Magistrate Judge Fox identified a possible defect in the operable pleading, the First Amended Complaint, prohibiting an award of interest owed to Plaintiffs under the Notes. While Plaintiffs intend to object to this finding, Plaintiffs intend to also seek, as an alternative, leave to amend the First Amended Complaint to cure said defect in the *ad damnum* clause. "Leave to amend a pleading should be freely granted when justice so requires." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96, 2010 U.S. Dist. LEXIS 1306, *7 (S.D.N.Y. 2010). Clean and Redline copies of the proposed second amended complaint are attached as **Exhibit 1 and 2**, respectively.

In summary, Plaintiffs wish to file a notice of motion to supplement the inquest record simultaneously with their objection to the Report. Within the objection to the Report, if the Court finds that the pleading is defective as to Plaintiffs' request for interest, Plaintiffs will respectfully request leave to amend the First Amended Complaint to cure said defect.

Finally, Plaintiffs' objections to the Report are due on or before Monday, February 27, 2017. If a pre-motion conference as to Plaintiffs' motion to supplement the record cannot be held prior to this date, Plaintiffs respectfully request a short adjournment of the date to file objections to the Report until after a pre-motion conference can be held pursuant to Your Honor's Rule 4A.

Because Defendant has failed to appear in this action, it would suffer no prejudice by Your Honor accepting and considering Plaintiff's supplemental proofs in

---

[1] We also advise Your Honor that the additional proofs concerning the Notes for each of the 119 investors that Plaintiffs wish to offer are voluminous, consisting of over 4,000 pages.

nydocs1-1082366.2

**Anderson Kill P.C.**

The Honorable Vernon S. Broderick
February 23, 2017
Page 3

connection with its determination of Plaintiffs' damages and objections to the Report. Indeed, equity and the interests of justice are best served by Your Honor having a full, complete, and clear record prior to Your Honor issuing a final judgment on the merits. *See Bankers Tr. Co. v. Hartford Acci. & Indem. Co.,* 621 F. Supp. 685 (S.D.N.Y. 1981) ("I am convinced that the interests of justice will best be served by permitting Hartford to make a full and complete record prior to the entry of any final judgment herein.")  The only parties that would be unfairly prejudiced are Euro Pacific and its investors who are rightfully entitled not only to the principal amount due and owed under the Notes, but also the interest that has accrued yet remains unpaid.  Equity does not favor Defendant.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ David Graff

David Graff

CC:

Yayi International Inc.
No. 9 Xingguang Road
Northern Industrial Park of Zhongbei Town
Xiqing District, Tianjin 300384, China
86-22-2798-4358
Attn: President

Yayi International Inc.
c/o The Corporation Trust Company, Registered Agent
1209 N. Orange St.,
Wilmington Delaware 19801

nydocs1-1082366.2