**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PETER D. SCHIFF, and EURO PACIFIC
CAPITAL INC., *et al.*

                          Plaintiffs,

             -against-

YAYI INTERNATIONAL INC.,

                         Defendant.

Case No. 15-cv-00359 (VSB) (KNF)


# MEMORANDUM OF LAW IN SUPPORT OF
# ROBINS KAPLAN LLP'S MOTION FOR LEAVE TO
# <u>WITHDRAW AS COUNSEL FOR PLAINTIFFS</u>


Sherli Furst
Robins Kaplan LLP
399 Park Avenue, Suite 3600
New York, New York 10022
Phone: 212 980-7400

# TABLE OF CONTENTS

**Page**

BACKGROUND ........................................................................................................................4

ARGUMENT ...........................................................................................................................6

      A.     Withdrawal is Appropriate Because Robins Kaplan Has Been
              Discharged By Plaintiffs ........................................................................... 6

      B.     Plaintiffs Will Not Be Prejudiced by Robins Kaplan's Withdrawal....................... 8

CONCLUSION...........................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Ins. Co v. Nandi*,
    258 F. Supp. 2d 309 (S.D.N.Y. 2003)........................................................................7

*Brown v. National Survival Games, Inc.*,
    No. 91-CV-221, 1994 U.S. Dist. LEXIS 16572, 1994 WL 660533 (N.D.N.Y.
    Nov. 18, 1994) ..........................................................................................................8

*Callaway Golf Co. v. Corp. Trade, Inc.*,
    2011 U.S. Dist. LEXIS 76077, 2011 WL 2899192 (S.D.N.Y. July 6, 2011) ...........8

*Casper v. Lew Lieberbaum & Co*.,
    No. 97 Civ. 3016 (JGK) (RLE), 1999 U.S. Dist. LEXIS 7779, 1999 WL 335334
    (S.D.N.Y. May 24, 1999).........................................................................................6

*King v. Fox*,
    No. 97 Civ. 4134, 2005 U.S. Dist. LEXIS 5146, 2005 WL 741760
    (S.D.N.Y. Mar. 31, 2005) ........................................................................................7

*Oscar de la Renta, Ltd. v. Strelitz, Ltd*.,
    No. 92 Civ. 3907(CES), 1993 U.S. Dist. LEXIS 7572, 1993 WL 205150
    (S.D.N.Y. June 7, 1993)..........................................................................................6

*Promotica of Am., Inc. v. Johnson Grossfield, Inc*.,
    2000 U.S. Dist. LEXIS 8594, 2000 WL 424184 (S.D.N.Y. Apr. 18, 2000) ...........8

*Rana v. Islam*,
    No. 14-Cv-1993 (SHS), 2016 U.S. Dist. LEXIS 25131, 2016 WL 859859
    (S.D.N.Y. Mar. 1, 2016) ..........................................................................................7

*Ritchie v. Gano*,
    No. 07 Civ. 7269, 2008 U.S. Dist. LEXIS 67770, 2008 WL 4178152
    (S.D.N.Y. Sept. 8, 2008)..........................................................................................7

*Whiting v. Lacara*,
    187 F.3d 317 (2d Cir. 1999).....................................................................................8

*Young Am. Merch. Corp. v. Top Quality Prods*.,
    2004 U.S. Dist. LEXIS 5748 (S.D.N.Y. Apr. 5, 2004).........................................8, 9

**Rules**

22 N.Y.C.R.R. § 1200.00 ...................................................................................................7

L.R. 1.4 ...........................................................................................................................4, 6

L.R. 1.5(b)(5) .....................................................................................................................7

N.Y.R.P.C. 1.16(b)(3).........................................................................................................7

R. Prof. Resp. 1.16(c)(10)...................................................................................................7

Robins Kaplan LLP ("Robins Kaplan") respectfully submits this memorandum in support of its motion to withdraw as counsel of record for all plaintiffs, Peter D. Schiff ("Schiff"); Euro Pacific Capital, Inc. ("Euro Pacific"), individually and in its capacity as Investor Representative and attorney-in-fact for Barbara Sue Wilson and David D. Wilson as trustees for the Barbara Sue Wilson U/A 8/23/94; Douglas W. Johnson as trustee for the Douglas William Johnson Revocable Trust U/A 6/25/10; Heidi W. Keine and Kevin Keine; Janet D. Russell as trustee for the Janet Dickinson Russell Living Trust is a Trust U/A 1/20/10; NFS/FMTC Rollover IRA FBO Jerry R. Speaks; NFS/FMTC Rollover IRA FBO Robert M. Weissberg; Point Aux Chenes LLC; Bruce Walker Ravenel; POM Investments; Jeff Archibald; Norman E. Apperson, Pamela Mceachern as trustees for the Norman E. Apperson and Pamela Mceachern Trust, U/A 7/22/96; The Drew & Raskin Profit Sharing Plan FBO Stephen Raskin; Carlos A. Merino as trustee for the Carlos Alfonso Merino Revocable Living Trust U/A 12/4/96; Barbara J. Peterson as trustee for the Barbara J. Peterson Revocable Trust U/A 2/4/00; Carolyn R. Long; Corey Shannon McNamee; Eva Marie Salas as trustee for Eva M. Salas; Jimmie C. West and Carolyn E. West; Joseph McCarthy and Miki McCarthy; Mark Dugger as administrator for The Allstates Drywall Inc. EE S T; Michael J. Hanratty and Lynsay F. Hanratty; Mitchell Martin and Deborah Martin; NFS/FMTC Roth IRA FBO Virginia C. Adams; NFS/FMTC SEP FBO Carter Laren; NFS/FMTC SEP FBO Gerald Mona; Oleksandr Tumko and Oksana Tumko; Thomas L. Ingram and Carissa Ingram as trustees for the Ingram Living Trust U/A 11/2/05; Timothy Crane as trustee for the Timothy R. Crane Trust; William Bradley as administrator for the Bradley Anesthesiology Profit Sharing Plan; Art Kleppen and Kimberly Kleppen; Brent Paulger and Sharissa Paulger; Kevin Moore; NFS/FMTC IRA FBO Robert Stephen Adams; NFS/FMTC SEP IRA FBO Gerald E. Manwill; Steve Hoke and Collen Hoke as trustees for the Hoke Living Trust U/A 4/19/02; Arnold William Goldschlager and Nora Goldschlager as trustees for the

Goldschlager Family Trust U/A 6/24/04; Uzzi Reiss and Yael Reiss as trustees for the Reiss Family Trust U/A 12/29/88; John A. Rupp as trustee the John A. Rupp Trust U/A 3/9/07; Laura Smith and Forrest Smith as trustees for the Connelly Johnson Smith Family Trust U/A 4/2/09; Marc A. Pierre as administrator for the Center For Physical Health 401K Profit Sharing Plan; NFS/FMTC Rollover IRA FBO Lynn Rollins Stull; NFS/FMTC Rollover IRA FBO Ronald Allen McCann; NFS/FMTC Roth IRA FBO Helen Erskine; Prasad Realty Corp.; William A. Karges Jr. as trustee for the Karges Revocable Intervivos Trust U/A 4/29/85; David W. Larson and Jennifer L. Larson; John D. Smead; Mark Edward Smead as trustee for the Mark E. Smead Revocable Living Trust U/A 11/17/95; NFS/FMTC Rollover IRA FBO Bertrand Brooks Carder; NFS/FMTC Rollover IRA FBO Edwin Bruno Kaehler; Richard Griff and Jackie Griff; Barbara Seidel as trustee for the Barbara Gallun Seidel Residual Trust U/A 2/9/60; Bert  Huntsinger; Christianna Seidel as trustee for the Christianna Seidel Property Trust U/A 11/5/99 FBO Christianna Seidel; David Brisbin as trustee for the Innes Brisbin Living Trust U/A 6/8/04; George Feldman; Gilbert Dominguez as trustee for the Dominguez Trust U/A 3/3/05; Hement Kathuri as administrator for the H. Kathuria Investments II P Plan; Jim Robert Pugh; Kenntih H. Nass and Maureen Nass as trustees for the Kenneth H. & Maureen K. Nass Chari Trust U/A 6/7/05; KK Swogger Asset Management; Maureen K. Nass and Kenneth H. Nass as trustees for the Maureen K. Nass Living Trust U/A 5/16/05; NFS/FMTC IRA FBO Diane D. Spolum; NFS/FMTC Rollover IRA FBO of Andres Keichian; NFS/FMTC Rollover IRA FBO Ralph Dale Edson; Robert T. Foss and Margaret Foss as trustees for the Robert T & Margaret Foss Revocable Trust U/A 3/31/04; Shelby Jordan and Becky Jordan; Trisha L. Freres and Theodore Kyle Freres as trustees for the Trisha L. Freres Living Trust U/A 3/31/04; Walter Friesen; William J. Cyr; William Ten Brink as trustee for the Ten Brink Trust U/A 10/2/86; William Wiley and Marianne Wiley as trustees for the Wiley Family Living Trust U/A 7/19/95;

Buckthorn LLC; Marc Bienstock and Jenny I. Bienstock; Mark Sterin; Nancy L. Benson as

trustee for the Nancy L. Benson Living Trust U/A 11/11/02; NFS/FMTC Rollover IRA FBO

James A. Tamborello; NFS/FMTC Rollover IRA FBO Richard Davis Moore; Skee Goedhart as

trustee for the Paracelsus Revocable Trust U/A 7/25/97; Susan C. Cullen; Gayle M. Sanders and

Deborah Sanders as trustees for the Gayle M. Sanders Family Trust Revocable Trust U/A

8/15/02; Marc W. Levin and Susan G. Levin; NFS/FMTC Rollover IRA FBO Donald T. Glaser

Jr.; David Alan Scully; Jerry F. McWilliams; Michael Scully; NFS/FMTC Rollover IRA FBO

Todd Howard Overgard; David Arita; Deborah Foreman as trustee for the Deborah D. Foreman

Trust U/A 9/29/94; HCR Investments Inc.; Lynn Havlik; Barbara S. Meister as trustee for the

Meister Non-Exempt Marital Trust U/A 11/17/83; Brian S. Behan; Cynthia Kessler and James

Kessler; NFS/FMTC IRA FBO Howard W. Wahl; Norman S. Kramer and Linda L. Kramer;

Quincy Murphy Inc.; Robert L. Bishop; Scott Davies and Misty Davies as trustees on for the

Scott & Misty Davies Living Trust U/A 6/28/07; Barbara Hearst; Cindy J. Lewis as trustee for

the Cindy J. Lewis Declaration of Trust U/A 3/11/93; Jack Abrams and Margo Abrams as

trustees for the Jack Abrams Pension Plan 1; Jim Griffin as custodian for the Michelle E. Griffin

UTMA Oh; Jim Griffin as custodian for the Daniel J. Griffin UTMA Oh; Julia L. Griffin;

NFS/FMTC IRA FBO Leonard Siegel; NFS/FMTC IRA FBO Royce V. Jackson; Peter D.

Schiff; R. Steven Smith; Richard Potapchuk; Scott R. Griffin; Amy J. Stefanik as trustee for the

Amy J. Stefanik Revocable Trust U/A 2/6/01; Andrew P. Cook and Susan R. Cook; Charlotte J.

Belasco; Jean A. Davids-Osterhaus as trustee for the Jean A. Davids-Osterhaus Revocable Trust

U/A 10/3/07; Larry Guagliardo; Mark A. Osterhaus as trustee for the Mark Osterhaus Revocable

Trust U/A 10/31/07; Richard P. Anthony III and Kimberly J. Anthony; Steven Jay Epstein

(referred to as collectively the "Investors") (collectively with Schiff and Euro Pacific, the

- 3 -

"Plaintiffs"), pursuant to Rule 1.4 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York.

As set forth below, and in the accompanying Declaration of Sherli Furst ("Furst Decl."), Plaintiffs have terminated their engagement with Robins Kaplan and asked that the firm cease any and all work on Plaintiffs' behalf.

Robins Kaplan respectfully submits that withdrawal at this stage of the litigation will result in minimal, if any, prejudice to Plaintiffs and defendant Yayi International Inc., ("Defendant" or "Yayi"). Additionally, Robins Kaplan seeks a stay of this action for sixty (60) days to allow Plaintiff's newly-retained counsel additional time to become substantively familiar with the matter.  Accordingly, Robins Kaplan respectfully submits that withdrawal is appropriate. Robins Kaplan is not asserting a retaining or charging lien.

## BACKGROUND

This case originated in January 2015 when counsel of record David Graff, then a partner at the law firm of Anderson Kill P.C. ("Anderson Kill"), brought suit against Defendant for failure to pay Plaintiffs sums of monies due and owing pursuant to a promissory note. (*See* Dkt. No. 1.) On June 2, 2016, Plaintiffs succeeded in securing a default judgment against Defendant. (*See* Dkt. No. 37.)

In or around January 2018, Mr. Graff left Anderson Kill and joined Robins Kaplan; soon after, Plaintiffs retained Robins Kaplan as counsel in connection with this Action.  (*See* Furst Decl. ¶¶ 4–5.)  In addition to Mr. Graff, two Robins Kaplan associates, Sherli Furst and Rachel Kierych, filed a notice of appearance and a notice of change of address, respectively, on behalf of Plaintiffs.  (*See* Dkt. Nos. 60 and 61.)  Since being retained, Robins Kaplan has familiarized itself with the facts of the case in an effort to move the proceedings forward. (Furst Decl. ¶ 6.)

On May 1, 2018, Mr. Graff resigned from Robins Kaplan LLP. (*Id*. ¶ 7.) Shortly

thereafter, Robins Kaplan was informed by David A. Gehn, of the law firm Ellenoff Grossman &

Schole LLP that Plaintiffs have terminated their engagement of Robins Kaplan, and that Mr.

Gehn would be retained as new counsel for any matters regarding Euro Pacific. (*Id*. ¶ 8.) In light

of its termination, Robins Kaplan ceased working on any further matters for Plaintiffs, including

this litigation. (*Id*.)

On June 22, 2018, however, after several unsuccessful attempts to contact Mr. Gehn, to

discuss filing a notice of substitution in a separate matter for Euro Pacific, Robins Kaplan was

informed that Euro Pacific's in-house counsel, Peter Chema, Esq., would instead serve as

counsel of record for Euro Pacific.[1] (*Id*. ¶¶ 9–12.) Since that time, Robins Kaplan has reached

out to Mr. Chema on a number of occasions to request that he file a notice of substitution or

retain new counsel in the Euro Pacific matters that Robins Kaplan was handling. (*Id*. ¶¶ 13–17.)

Ms. Furst reached out to Mr. Chema via email on July 18 and July 20, asking him to file a notice

of substitution (*Id*. ¶ 19.)  Again, on July 23, 2018, Robins Kaplan sent Mr. Chema one final

email requesting that he or new counsel that he substitute new counsel and file the necessary

substitution forms, since Robins Kaplan's representation has been terminated. (*Id*. ¶ 20.) To date,

---

[1] On May 29, 2018, Robins Kaplan requested that Mr. Ghen file a substitution of counsel notice form in a similar case for Euro Pacific, pending in New York State Supreme Court, entitled *Euro Pacific Capital Inc., individually and in its capacity as Investor Representative and attorney-in-fact for The Worthington (Dipaolo) Family Trust; Wymond Investments, LLC, - v. - Bohai Pharmaceuticals Group, Inc*., Index No. 651059/2016 (the "Bohai Action"). Robins Kaplan informed Mr. Ghen that if he failed to file the requisite form, Robins Kaplan intended to move to withdraw. (Furst Decl. ¶ 9–10.) After receiving no response, Robins Kaplan made the same request of Mr. Ghen on June 21, 2018, through both voicemail and email. (*Id*. ¶ 11.) It was at this time that Mr. Ghen notified Robins Kaplan that the plaintiffs in the Bohai Action would be represented by Euro Pacific's general counsel, Peter Chema, Esq. (*Id*. ¶ 12.)

At that time, Robins Kaplan made several attempts to contact Euro Pacific's in-house counsel, Mr. Chema, urging him to file a notice of substitution in the Bohai Action. (*Id*. ¶¶ 13–15.) On June 27, 2018 and again on June 29, 2018, Robins Kaplan reached out through email requesting that Mr. Chema file a notice of substitution, advising him that if he failed to do so, Robins Kaplan would be forced to file a motion to withdraw as counsel. (*Id*. ¶ 14.) In a last ditch effort, on July 2, 2018, Robins Kaplan drafted and sent the notice of substitution to Mr. Chema for signature and filing. (*Id*. ¶ 15.) Despite these efforts, Mr. Chema never substantively responded to any of Robins Kaplan's communications. (*Id*. ¶ 16.)

Ultimately, on July 13, 2018, Robins Kaplan was forced to file its motion for withdrawal of counsel in the Bohai Action. Its motion was granted without opposition on July 18, 2018. (*Id*. ¶ 17.)

Mr. Chema has not substantively responded to any of Robins Kaplan's requests or correspondence. (*Id*. ¶ 21.)

As a result, Robins Kaplan is now forced to bring this motion to withdraw as counsel for Plaintiffs.

## ARGUMENT

Pursuant to Local Rule 1.4 of the Southern District of New York, "[a]n attorney who has appeared as attorney of record for a party may be relieved… by order of the Court …. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal…." *See also Oscar de la Renta, Ltd. v. Strelitz, Ltd*., No. 92 Civ. 3907(CES), 1993 U.S. Dist. LEXIS 7572, at *2, 1993 WL 205150 (S.D.N.Y. June 7, 1993) ("[W]ithdrawal is … permissible when a client indicates that they no longer wish to be represented by counsel.")

Here, withdrawal is appropriate because Plaintiffs have discharged Robins Kaplan and its attorneys of all of their duties as counsel.  Furthermore, Plaintiffs will be minimally prejudiced, if at all, by Robins Kaplan's withdrawal because (a) Plaintiffs have been provided sufficient notice of counsel's withdrawal, (b) Robins Kaplan is requesting a sixty (60) day stay which will provide Plaintiffs with ample time to retain alternate counsel and have such counsel familiarize himself with the facts and procedural posture of this case; and (c) the case has been inactive for over a year, and thus, there is no pending issue requiring immediate attention.

### A.    Withdrawal is Appropriate Because Robins Kaplan Has Been Discharged By Plaintiffs

Plaintiffs' termination of Robins Kaplan's engagement is adequate grounds to permit its withdrawal in this case. In fact, even where a local court rule requires a court order to withdraw, "when counsel has been discharged -- and agreed to the termination -- the order to withdraw should issue except under the most compelling circumstances." *Casper v. Lew Lieberbaum & Co*., No. 97 Civ. 3016 (JGK) (RLE), 1999 U.S. Dist. LEXIS 7779, at *11, 1999 WL 335334

(S.D.N.Y. May 24, 1999); *see also Allstate Ins. Co v. Nandi*, 258 F. Supp. 2d 309, 311 (S.D.N.Y. 2003) (ordering that movants be withdrawn as attorneys of record where the plaintiff clearly discharged the attorneys). The law is clear and unequivocal on this point.

First, Rule 1.16(b)(3) of the New York Rules of Professional Conduct ("Rule" or "Rules") states, in relevant part: "a lawyer shall withdraw from the representation of a client when … the lawyer is discharged…." 22 N.Y.C.R.R. § 1200.00. This rule governs the conduct of attorneys in federal courts sitting in New York as well as in New York state courts. *Ritchie v. Gano*, No. 07 Civ. 7269, 2008 U.S. Dist. LEXIS 67770, at *8, 2008 WL 4178152 (S.D.N.Y. Sept. 8, 2008) ("New York's Code of Professional Responsibility . . . establishes appropriate guidelines for the professional conduct of attorneys in the United States District Courts in this state."); *King v. Fox*, No. 97 Civ. 4134, 2005 U.S. Dist. LEXIS 5146, at *6, 2005 WL 741760 (S.D.N.Y. Mar. 31, 2005) ("The American Bar Association Code of Professional Responsibility . . . as adopted by the New York courts, establishes the appropriate guidelines for the professional conduct of attorneys in the United States District Courts in this state."); *see also* S. & E.D.N.Y. L.R. 1.5(b)(5) (noting that attorneys can be disciplined for violating the New York State Rules of Professional Conduct as interpreted by state and federal courts)*.*

Here, Plaintiffs have explicitly terminated their relationship with Robins Kaplan, providing grounds for its withdrawal. *See Rana v. Islam*, No. 14-Cv-1993 (SHS), 2016 U.S. Dist. LEXIS 25131, at *9, 2016 WL 859859 (S.D.N.Y. Mar. 1, 2016) ("A client's desire to sack his attorneys is generally a satisfactory reason to grant a motion to withdraw.") (quotations and citations omitted)).

Second, pursuant to Rule of Professional Responsibility 1.16(c)(10), an attorney may withdraw from representation when a client "knowingly and freely assents to termination of the

employment." Here, Plaintiffs have made clear, in no uncertain terms, that Robins Kaplan's engagement has been terminated and its services are no longer requested.

Finally, the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client. *Promotica of Am., Inc. v. Johnson Grossfield, Inc*., 2000 U.S. Dist. LEXIS 8594, at *3–4, 2000 WL 424184 (S.D.N.Y. Apr. 18, 2000). In fact, "[a] client's termination of representation is a clear expression of an irreconcilable conflict." *Young Am. Merch. Corp. v. Top Quality Prods*., 2004 U.S. Dist. LEXIS 5748, at *2 (S.D.N.Y. Apr. 5, 2004). Thus, to avoid any potential conflict going forward, the Court should grant this motion to allow Robins Kaplan to withdraw as counsel for this case.

### B.    Plaintiffs Will Not Be Prejudiced by Robins Kaplan's Withdrawal

In addition to considering the proffered reasons for withdrawal, the Court must also consider "whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.'" *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (alteration in original) (quoting *Brown v. National Survival Games, Inc.*, No. 91-CV-221, 1994 U.S. Dist. LEXIS 16572, at *9, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994)); *see also Callaway Golf Co. v. Corp. Trade, Inc*., 2011 U.S. Dist. LEXIS 76077, at *9, 2011 WL 2899192 (S.D.N.Y. July 6, 2011) ("Here, CTI has already obtained new counsel, and there is no indication that the movants' withdrawal will impede the progress of this litigation. Their application to withdraw is therefore granted.").

Robins Kaplan has provided Plaintiffs clear and substantial notice of its intent to withdraw as counsel (in addition to notice of the instant motion), and has taken steps to avoid foreseeable prejudice to Plaintiffs. It has been more than three months since Robins Kaplan has been terminated as counsel. (*See* Furst Decl. ¶¶ 7–8.) Since that time, Robins Kaplan has urged Plaintiffs to substitute counsel, and reinforced the necessity of filing the notice of substitution

form. (*Id.* ¶¶ 9–21.) Unfortunately, through no fault of its own, any efforts by Robins Kaplan to help expedite this process have fallen on deaf ears.

Nonetheless, no prejudice will result to Plaintiffs by granting of this motion, as the motion also requests a sixty (60) day stay of all proceedings herein to allow Plaintiffs the opportunity to retain new counsel and allow counsel the opportunity to become familiar with the facts and procedural posture of this case.

The substantive legal issues of this case have already been decided, as the Court has already granted Plaintiffs' motion for default judgment. (*See* Dkt. No. 37.) *See also Young Am. Merch. Corp*, 2004 U.S. Dist. LEXIS 5748 (granting defendant counsel's motion for withdrawal when defendant communicated its desire to terminate his services, and adjourned scheduled hearing because defendant had not yet identified replacement counsel.). Furthermore, the Court has authority to stay this case for an additional period if needed. No prejudice will result to Defendant if this motion is granted, since it has not appeared in this action to date.

## CONCLUSION

For the foregoing reasons, Robins Kaplan respectfully requests that the Court grant its motion to withdraw as counsel of record for Plaintiffs and relieve it of any further obligations in this action, and grant a sixty (60) day stay of all proceedings.

Dated: New York, New York  
      July 26, 2018

Respectfully submitted,

By: *s/ Sherli Furst*
    Sherli Furst  
    Robins Kaplan LLP  
    399 Park Avenue, Suite 3600  
    New York, New York 10022  
    Phone: 212 980-7400

    *Attorney for Plaintiffs PETER D. SCHIFF, AND*  
    *EURO PACIFIC CAPITAL INC., et al.*