```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
PETER D. SCHIFF, et al.,                                    :
                                        Plaintiffs,         :
                                                            :
              -against-                                     :    15-CV-359 (VSB)
                                                            :
                                                            :    ORDER
                                                            :
YAYI INTERNATIONAL INC.,                                    :
                                                            :
                                        Defendant.          :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On June 2, 2016, I entered a default against Defendant Yayi International Inc. on the issue of liability and referred the case to Magistrate Judge Fox for an inquest on damages. (Doc. 37.) On February 13, 2017, Magistrate Judge Fox issued his Report and Recommendation (the "Report and Recommendation," "Report," or "R&R") in which he recommended that no damages or attorneys' fees be awarded. (Doc. 49.) On March 16, 2017, Plaintiffs submitted objections to the Report and Recommendation in which Plaintiffs request leave to supplement the inquest record to address the deficiencies raised in the Report and Recommendation or, in the alternative, to amend the complaint. (Doc. 53.) Because Plaintiffs' filings constitute a request to file supplemental inquest materials rather than substantive objections to the Report and Recommendation, I treat Magistrate Judge Fox's Report and Recommendation as unchallenged and, having reviewed it for clear error and found none, I ADOPT the Report in its entirety.

I refer this matter to Magistrate Judge Fox to consider and determine whether Plaintiffs' supplemental inquest submissions may be properly considered under the circumstances presented here and, if so, whether damages should be awarded based on those submissions.

1

I.     **Factual and Procedural Background**

The facts set forth in the Report and Recommendation are incorporated herein by reference unless otherwise noted. Familiarity with the facts is assumed and I recite here only those facts necessary for an understanding of the issues before me.

On January 16, 2015, Plaintiffs initiated this action by filing their complaint, asserting claims pertaining to the enforcement of certain promissory notes. (Doc. 1.) Defendant was served with the complaint on January 30, 2015. (Doc. 7.) Plaintiffs filed an amended complaint on September 14, 2015, (Doc. 23), and served the amended complaint on Defendant on October 30, 2015, (Doc. 26). Defendant did not respond to either the complaint or the amended complaint, and has not otherwise appeared in this case.

On December 28, 2015, the Clerk of Court entered a Certificate of Default against Defendant. (Doc. 27.) Plaintiffs sought, and I issued, an Order to Show Cause on February 25, 2016, directing Defendant to show cause why an order should not be issued granting Plaintiffs a default judgment. (Doc. 29.) Defendant was served with the Order to Show Cause on March 11, 2016. (*See* Docs. 33, 36.) The Order to Show Cause hearing was held on May 6, 2016. Defendant did not appear at the hearing or request an adjournment. On June 2, 2016, after Defendant failed to appear for the Order to Show Cause hearing, I ordered that default be entered against Defendant on the issue of liability, and referred the matter to Magistrate Judge Fox for an inquest on damages. (Doc. 37.)

On June 14, 2016, Magistrate Judge Fox issued a scheduling order instructing Plaintiffs to submit proposed findings of fact and conclusions of law, and an inquest memorandum accompanied by supporting affidavits and exhibits setting forth proof of their damages. (Doc. 38.) On July 8, 2016, Plaintiffs filed their memorandum of law in support of the inquest on

damages, along with affidavits in support. (Docs. 41–43.) On February 13, 2017, Magistrate Judge Fox issued his Report and Recommendation denying the award of damages and attorneys' fees. (Doc. 49.) On February 23, 2017, Plaintiffs submitted a letter requesting (1) an extension of time to submit their objections to the Report and Recommendation, and (2) leave to supplement the inquest record to cure the deficiencies identified in the Report and Recommendation. (Doc. 51.) On February 24, 2017, I granted Plaintiffs' request for an extension of time to submit their objections to the Report and Recommendation and instructed Plaintiff that "[i]ssues related to new evidence and/or supplementation of the record seem more appropriately raised to Magistrate Judge Fox as part of Plaintiffs' objections or otherwise in the first instance." (Doc. 52.) On March 16, 2017, Plaintiffs filed a memorandum of law in support of their objections to the Report, along with the affirmation of David Graff with exhibits. (Docs. 53–54.)

## II. Analysis

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). With regard to a report and recommendation that is not objected to, or the unobjected-to portions of a report and recommendation, a district court reviews the report and recommendation, or the unobjected-to portion thereof, for clear error. *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y.

2009); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The Court "should take the necessary steps to establish damages with reasonable certainty." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

While Plaintiffs' filings in opposition to the R&R are styled as objections, they do not actually challenge the substance of, or analyses contained in, the Report. Rather, Plaintiffs seek leave to supplement the inquest record as a means to cure the deficiencies outlined in the Report and Recommendation. Indeed, in support of their memorandum objecting to the R&R, Plaintiffs submitted the Affirmation of David Graff, along with numerous new exhibits constituting over four thousand pages. (*See* Doc. 54.) Plaintiffs rely on that supplemental material to bolster their claims that they are entitled to, among other things, the outstanding principle sums owed under the promissory notes, and attorneys' fees and costs in connection with the enforcement of those notes.[1]

Because Plaintiffs do not object to the Report and Recommendation but rather seek leave to submit supplemental evidence and make new arguments in light of that evidence, I have

---

[1] Plaintiffs object to Magistrate Judge Fox's determination that Plaintiffs are not entitled to prejudgment interest on the outstanding principle sums because Plaintiffs did not include a claim for interest in the "demand" portion of their amended complaint. I decline to consider that issue at this stage because I adopt Magistrate Judge Fox's recommendation that no damages be awarded at this juncture. However, to the extent Magistrate Judge Fox finds that supplementation of the inquest record is proper—a matter I take no position on here—and that Plaintiffs are entitled to damages based on any supplemental evidence, I will, to the extent necessary, revisit the issue of prejudgment interest at that time.

4

reviewed Magistrate Judge Fox's thorough and well-reasoned Report and Recommendation for clear error, and found none. I find that Magistrate Judge Fox reached his determination after a careful review of the submissions initially provided by Plaintiffs in support of the inquest. I therefore adopt Magistrate Judge Fox's recommended judgment for the reasons stated in the R&R.

**III.     Conclusion**

Having reviewed the Report and Recommendation for clear error and found none, I hereby ADOPT the Report and Recommendation in its entirety.

Consistent with my February 24, 2017 memo endorsement, I find that Plaintiffs' request to supplement the inquest record is better directed to Magistrate Judge Fox. Accordingly, pursuant to the Amended Order Referring Case to Magistrate Judge, (Doc. 57), the case is referred to Magistrate Judge Fox to decide whether leave to supplement the inquest record and/or leave to amend the complaint is appropriate and, if so, whether damages should be awarded based on any supplemental material.

SO ORDERED.

Dated:    November 15, 2018
          New York, New York

*Vernon Broderick* (signature)
Vernon S. Broderick
United States District Judge