USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/9/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
PETER D. SCHIFF, et al., :
:
Plaintiffs, :
: 15-cv-359 (VSB)
- against - :
: **AMENDED ORDER**
:
YAYI INTERNATIONAL INC., :
:
Defendant. :
:
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

     Plaintiffs bring this action for breach of contract and breach of the covenant of good faith and fair dealing against Defendant.  On November 15, 2018, I issued an Order, (Doc. 68), adopting in its entirety the February 13, 2017 Report & Recommendation (the "Report") issued by Magistrate Judge Kevin Nathaniel Fox recommending that no damages or attorneys' fees be awarded, (Doc. 49), but referring Plaintiffs' request to supplement the inquest record and/or amend their complaint to Magistrate Judge Fox for further consideration.  In my Order, I noted that Plaintiffs had "object[ed] to Magistrate Judge Fox's determination that Plaintiffs are not entitled to prejudgment interest on the outstanding principal sums," but declined to "consider that issue" given that I was adopting Magistrate Judge Fox's determination that no damages be awarded.  (Doc. 68, at 4 n.1.)  This statement could be read as leaving that purported objection to the Report & Recommendation unresolved.

     Accordingly, in the interests of clarity, I issue this Amended Order, VACATE my November 15, 2018 Order, and WITHDRAW the amended order of reference to Magistrate

Judge Fox, (Doc. 57). Furthermore, for the reasons stated below, Plaintiff's request to supplement the inquest record is DENIED, and I ADOPT Magistrate Judge Fox's Report & Recommendation except to the extent that Plaintiff's request for prejudgment interest is denied as moot, rather than on the merits.

## I. Background[1]

Plaintiffs are a group of investors (the "Investors") who are represented by Plaintiff Euro Pacific Capital Inc. ("Euro Pacific"), an investment company. (Doc. 44, at ¶ 2.) On or about September 27, 2010, Plaintiffs claim they agreed to loan money to Defendant Yayi through individual promissory notes for each investor (the "Notes"). (*Id.* at ¶¶ 3–4.) Around the same time, Plaintiffs contend, Defendant and Euro Pacific entered into a Securities Purchase Agreement that set a maturity date for the Notes and imposed certain obligations on Defendant. (*Id.* at ¶¶ 6 – 11.) Plaintiffs allege that Defendant eventually defaulted on its payments. (*Id.* ¶¶ 9, 12.)

On January 16, 2015, Plaintiffs initiated this action by filing their complaint, asserting claims pertaining to the enforcement of the Notes. (Doc. 1.) Defendant was served with the complaint on January 30, 2015. (Doc. 7.) Plaintiffs filed an amended complaint on September 14, 2015, (Doc. 23), and served the amended complaint on Defendant on October 30, 2015, (Doc. 26). Defendant did not respond to either the complaint or the amended complaint, and has not otherwise appeared in this case. On December 28, 2015, the Clerk of Court entered a Certificate of Default against Defendant. (Doc. 27.) Plaintiffs sought, and I issued, an Order to Show Cause on February 25, 2016, directing Defendant to show cause why an order should not

---

[1] I assume the parties' familiarity with the factual background of this case, and incorporate by reference the background set forth in the Report. (*See* Doc. 49.) However, I summarize the facts necessary to provide background for this order.

2

be issued granting Plaintiffs a default judgment. (Doc. 29.) Defendant was served with the Order to Show Cause on March 11, 2016. (See Docs. 33, 36.) The Order to Show Cause hearing was held on May 6, 2016. Defendant did not appear at the hearing or request an adjournment. On June 2, 2016, after Defendant failed to appear for the Order to Show Cause hearing, I ordered that default be entered against Defendant on the issue of liability, and referred the matter to Magistrate Judge Fox for an inquest on damages. (Doc. 37.)

On June 14, 2016, Magistrate Judge Fox issued a scheduling order instructing Plaintiffs to submit proposed findings of fact and conclusions of law, and an inquest memorandum, accompanied by supporting affidavits and exhibits. (Doc. 38.) On July 8, 2016, Plaintiffs filed a memorandum of law and affidavits in support of their request for damages, along with affidavits and proposed findings of fact and conclusions of law, seeking a judgment against Defendant (1) in favor of Investors in the principal amount of $8,920,000 for the unpaid Notes, plus interest in the amount of $4,337,319.45 as of February 19, 2016; (2) in favor of Euro Pacific in the amount of $1,000,000 and $53,014.88 for reputational damage and business losses respectively, plus prejudgment interest in the amount of $103,859.00 calculated at the statutory rate of nine percent (9%) from the commencement of this action on January 16, 2015 through February 19, 2016; (3) in favor of all Plaintiffs in the amount of $65,937.02 in attorneys' fees and costs pursuant to the Notes and SPA. (Docs. 41–44.) On February 13, 2017, Magistrate Judge Fox issued his Report and Recommendation denying the award of damages and attorneys' fees because Plaintiff's application was not supported by sufficient evidence. (Doc. 49.)

On February 23, 2017, Plaintiff filed a letter requesting an extension of time to file their objections to the Report, and requesting a pre-motion conference regarding their proposed motion to supplement the inquest record with additional proofs and documentation. (Doc. 51.)

3

By endorsement the next day, I granted the request but stated that "[i]ssues related to new evidence and/or supplementation of the record seem more appropriately raised to Magistrate Judge Fox."  (Doc. 52.)

On March 16, 2017, Plaintiffs filed a memorandum of law detailing their objections to the Report, (Doc. 53), which included a request to supplement the record "with the Affirmation of David Graff," (Doc. 54).  That Affirmation attaches as exhibits various transaction documents Plaintiffs believe "clarify the concern noted in the Court's Initial Recommendation."  (Doc. 54.)  On April 7, 2017, I issued an Amended Order of Reference referring the case to Magistrate Judge Fox for "Inquest After Default/Damages Hearing."  (Doc. 57.)

On July 26, 2018, Plaintiffs' counsel, Robins Kaplan LLP, filed a motion to withdraw as attorneys for Plaintiffs, along with a memorandum of law and declaration in support, (Docs. 63 – 65), which I granted on July 31, 2018, (Doc. 66).[2]

On November 15, 2018, I issued an Order that adopted the Report in its entirety and "referred [the case] to Magistrate Judge Fox to decide whether leave to supplement the inquest record and/or leave to amend the complaint is appropriate and, if so, whether damages should be awarded based on any supplemental material."  (Doc. 68, at 5.)

## II.  Legal Standard

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and recommendation within 14 days of being served with a copy of the report.  *Id.*; *see*

---

[2] On August 25, 2017, Christopher Ayers, of Anderson Kill, P.C., which had previously represented Plaintiffs, filed a notice of withdrawal of appearance.  (Doc. 59.)  However, because the notice of withdrawal was not submitted in accordance with Local Civil Rule 1.4, he did not receive leave of court to withdraw, and his appearance was not terminated from the electronic docket.

4

*also* Fed. R. Civ. P. 72(b)(2).  When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected.  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  When neither party submits an objection to a report and recommendation, or any portion thereof, a district court reviews the report and recommendation for clear error.  *Santana v. Comm'r of Soc. Sec.*, No. 17-CV-2648 (VSB) (BCM), 2019 WL 2326214, at *1 (S.D.N.Y. May 30, 2019); *Marte v. Berryhill*, No. 17-CV-3567 (VSB) (JLC), 2018 WL 5255170, at *1 (S.D.N.Y. Oct. 22, 2018); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

### III. Discussion

#### A. *Vacating the November 15, 2018 Order and Withdrawing the April 7, 2017 Amended Order of Reference*

I first address my prior orders in this case.  In my November 15, 2018 Order adopting the Report & Recommendation, I stated in a footnote that Plaintiffs had "object[ed] to Magistrate Judge Fox's determination that Plaintiffs are not entitled to prejudgment interest on the outstanding principal sums," but declined to "consider that issue" given that I was adopting Magistrate Judge Fox's determination that no damages be awarded.  (Doc. 68, at 4 n.1.)  Although I meant to convey that in light of Judge Fox's determination the issue was moot, this statement could be read as leaving that purported objection to the Report & Recommendation unresolved.

"[A] district court also possesses the inherent authority to *sua sponte* reconsider its own interlocutory orders before they become final," *Chartis Seguros Mex., S.A. de C.V. v. HLI Rail Rigging, LLC*, No. 11–cv–3238 (ALC)(GWG), 2015 WL 545565, at *2 (S.D.N.Y. Feb. 9, 2015); *see also United States v. LoRusso,* 695 F.2d 45, 53 (2d Cir. 1982).  A court may undertake such

reconsideration "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Grimaldi v. Promuto*, No. 13-cv-1692 (AJN), 2014 WL 12657039, at *1 (S.D.N.Y. Oct. 17, 2014). Likewise, a district court has authority to *sua sponte* withdraw a referral to a magistrate judge of any matter that requires a report and recommendation under 28 U.S.C. § 636(b)(1). *Rhodes v. Davis*, 628 F. App'x 787, 792 (2d Cir. 2015) (summary order).

Because my November 15, 2018 Order could be read as leaving an objection unresolved, in the interests of clarity I find it appropriate to reconsider and vacate that Order and issue this Order in its place. Furthermore, because of the length of time this case has been pending, I also find it appropriate to deal with Plaintiffs' request to supplement the record in the first instance, and exercise my authority to *sua sponte* withdraw the April 7, 2017 Amended Order of Reference.

### B. *Plaintiffs' Objections and Request to Supplement the Record*

I now turn to Plaintiffs' purported objections and request to supplement the record. In the Report, Magistrate Judge Fox found that (1) Plaintiffs were not entitled to prejudgment interest because they had failed to include a request for such interest in the "demand" clause of their first amended complaint, (Report 18–20); (2) Plaintiffs had failed to establish their claim to damages because they submitted insufficient, contradictory evidence, including, for example, by only submitting one of the Notes and the Securities Purchase Agreement to establish their damages on all the Notes, and failing to include certain additional documents referenced in the Securities Purchase Agreement, (*id.* 20–26); and (3) Plaintiffs had failed to demonstrate they were entitled to attorneys' fees and costs because they had not sufficiently substantiated their request, including by submitting billing records that did not identify the individual who performed each

given task, and by failing to provide any information about those individuals' experiences, reputations, and abilities, (*id.* at 27–28).

In their Objections, Plaintiffs argue that (1) they should be granted leave to supplement the inquest record with additional documents to cure the defects identified by Magistrate Judge Fox in the Report, (*id.* at 2–5); (2) based on that additional evidence, they are entitled to the outstanding principal amount they seek, (*id.* at 5–9); (3) they are entitled to prejudgment interest, or in the alternative, should be granted leave to amend their first amended complaint, (*id.* at 6 – 21); and (4) they should be awarded attorneys' fees based on their new evidentiary submissions, (*id.* at 21–24).  I first consider and address Plaintiffs' request to supplement the record.  A district court considering a party's objections to the Report & Recommendation of a magistrate judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  However, while courts may "consider new evidence raised in objections to a magistrate judge's report and recommendation," they generally do not do so "absent a compelling justification for failure to present such evidence to the magistrate judge."  *New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 338 (S.D.N.Y. 2018), *appeal withdrawn*, No. 18-3693, 2019 WL 1222841 (2d Cir. Feb. 1, 2019) (quotations and citation omitted); *see also Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) ("Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, and we have upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's *de novo* review.")  "Objections to magistrate judge's report and recommendation are not opportunities to receive a 'second bite at the apple,' as the goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall

efficiency of the federal judiciary." *Fischer v. OBG Cameron Banfill LLP*, No. 08 Civ. 7707(RJH)(KNF), 2010 WL 3733882, at *4 (S.D.N.Y. Sept. 24, 2010) (internal quotation marks omitted).

It is well established that at the inquest stage, it is a plaintiff's burden to demonstrate the damages sought to a reasonable certainty. *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012). Indeed, Magistrate Judge Fox specifically directed them to file "an inquest memorandum, accompanied by supporting affidavits and exhibits, setting forth proof of their damages." (Doc. 38.) Yet Plaintiffs—who are represented by sophisticated counsel—failed to provide even basic proof of their damages, despite the complexity of the underlying transaction and the fact that they sought millions of dollars in damages. Specifically, Plaintiffs submitted only an affidavit of Euro Pacific's general counsel, a copy of one promissory note representing a principal sum owed of $100,000, and a copy of the Securities Purchase Agreement that omitted several relevant exhibits referenced that document. (*See* Doc. 43.) As Magistrate Judge Fox noted, Plaintiffs did not provide evidence that the Notes had matured or any evidence of the connection between the holder of the single Note provided and the investors purportedly represented by Plaintiffs. (*See id.*; *see also* Doc. 49, at 20–25.) In seeking to supplement the record, Plaintiffs provided no explanation for their failure to present to Magistrate Judge Fox the voluminous evidence[3] they now seek to introduce, much less a compelling one. Accordingly, Plaintiffs' request to supplement the record is denied.[4] *Fischer*, 2010 WL 3733882, at *4

---

[3] The exhibits now submitted by Plaintiff encompass over four thousand pages of material. (*See* Doc. 54.)

[4] "The Second Circuit has recently cautioned that where a plaintiff submits admissible evidence of his or her damages, and such submissions contain minor deficiencies, it is appropriate to give the plaintiff 'an opportunity to address the minor problems [or inconsistencies] in [those materials] that the magistrate judge identified' before declining to award any damages." *Yunjian Lin v. Grand Sichuan 74 St Inc.*, No. 15-CV-2950 (RA), 2020 WL 3072290, at *2 (S.D.N.Y. June 10, 2020) (quoting *Hernandez Gomez v. 4 Runners, Inc.*, 769 F. App'x 1, 2 (2d Cir. 2019) (finding that inconsistencies between plaintiff's complaint and her inquest declaration as to her dates and

("Plaintiff had the opportunity to submit the relevant timesheets to Magistrate Judge Fox, and was on notice that she was to file 'proposed findings of fact and conclusions of law, setting forth her proof of damages, costs of this action, including any applicable interest and/or attorney's fees . . . .' [her] objections do not give her a second chance at proving the damages that were the very subject of the magistrate judge's inquest, and therefore this Court finds no error in the Report's recommendation on damages for unpaid wages." (internal citation omitted))

The majority of Plaintiffs' remaining contentions—specifically, their arguments that they are entitled to the outstanding principal sums on the Notes and to attorneys' fees and costs—though styled as objections, do not actually challenge the substance of, or analyses contained in, the Report, but rather are new arguments based on the supplemental evidence they seek to introduce. Because Plaintiff failed to submit these arguments and the evidence on which they are based to Magistrate Judge Fox in the first instance, and because I decline to now consider that new evidence, I will not conduct a de novo review of the relevant portions of the Report. *See Berrios v. City of New York*, No. 14 Civ. 8959 (LGS), 2018 WL 4608211, at *2 (S.D.N.Y. Sept. 25, 2018), *certificate of appealability denied sub nom. Berrios v. New York*, No. 18-3177, 2019 WL 5542845 (2d Cir. June 19, 2019); *accord Walker v. Stinson*, 205 F.3d 1327 (2d Cir. 2000) (holding that a district court did not abuse its discretion in refusing to consider an argument that a petitioner failed to raise before a magistrate judge); *Minto v. Decker*, 108 F. Supp. 3d 189, 192 (S.D.N.Y. 2015) ("[A]n unsuccessful party is not entitled as of right to a de novo review by the judge of an argument never seasonably raised before the magistrate." (citation and internal quotation marks omitted)).

---

hours worked were "minor"). As detailed above, however, the deficiencies here cannot be described as "minor problems" and were far more significant than the deficiencies in *Hernandez Gomez*.

Instead, I review the relevant portions of the Report for clear error. "On an inquest for damages following a default, plaintiff bears the burden of proof and must introduce sufficient evidence to establish the amount of damages with reasonable certainty." *Yunjian Lin*, 2020 WL 3072290, at *2 (internal quotation marks omitted). "A court has the discretion to decline to award any damages where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, even though liability has been established through default." *Id.* (quoting *Chuk On Chan v. Good Chows Inc.*, No. 16-CV-02794 (RJS)(SN), 2017 WL 9538901, at *1 (S.D.N.Y. Mar. 3, 2017), *report and recommendation adopted,* 2017 WL 6550689 (S.D.N.Y. Dec. 21, 2017)). Having reviewed Magistrate Judge Fox's Report, I find that he reached his conclusion that Plaintiffs had failed to demonstrate their damages or their entitlement to attorneys' fees to a reasonable certainty, based on a careful review of Plaintiffs' submissions, and was within his discretion to decline to award damages. I find no clear error in those aspects of his thorough and well-reasoned Report, and therefore adopt Magistrate Judge Fox's finding that Plaintiffs are not entitled to recovery of the alleged outstanding principal sums on the Notes, and his finding that plaintiffs are not entitled to attorneys' fees.

Plaintiffs' remaining argument that they are entitled to prejudgment interest on the Notes is not based on new evidence and therefore more closely resembles a proper objection. Accordingly, de novo review of that issue is appropriate. However, because I have already found that Plaintiffs are not entitled to recovery of the alleged principal sums they seek, I find the question of whether they are entitled to prejudgment interest on those sums to be moot and therefore do not examine the merits of that request.

### IV. Conclusion

For the foregoing reasons, it is hereby:

ORDERED that my November 15, 2018 Order, (Doc. 68), is VACATED and the April 7, 2017 Amended Order of Reference, (Doc. 57), is WITHDRAWN. Plaintiff's request to supplement the inquest record is DENIED, and I ADOPT Magistrate Judge Fox's Report & Recommendation except to the extent that Plaintiff's request for prejudgment interest is denied as moot.

Plaintiffs' prior attorneys of record at Robins Kaplan LLP are directed to mail a copy of this Amended Order and a copy of my original November 15, 2018 Order, (Doc. 68), to Plaintiffs at their last known address, and to file an affirmation of such service on the docket. A copy of this Amended Order will be e-mailed by my Chambers to Plaintiffs' prior attorneys at Robins Kaplan LLP; specifically, David Graff (dgraff@robinskaplan.com), Rachael Ann Kierych (rkierych@robinskaplan.com), and Sherli M. Furst (sfurst@robinskaplan.com).

The Clerk of Court is respectfully directed to terminate the appearance of Christopher Ayers, of Anderson Kill, P.C., and to close this case.

SO ORDERED.

Dated: July 9, 2020
      New York, New York

Vernon S. Broderick
United States District Judge